Per Curiam.

This is an action of debt, on a recognizance of bail, commenced at the March term of the Circuit Court of St. Charles County, in the year 1822.
The defendants in this suit had become bail for Prospect K. Robbins, in action of debt, commenced against him by Rufus Easton, the plaintiff in the suit, at August term of the Circuit Court for Lincoln county, of the then Territory, now State of Missouri, in the year eighteen hundred and'twenty. There are two counts in the declaration, and, several pleas to each, which will not be noted here, as the i-sues were not tried. In the first count, the plaintiff sets out, that at the said August term of the Circuit Court of' Lincoln county, in the year 1820, he had judgment against Prospect K. Robbins, for a debt of $1731 86, and the sum of $53 07 for damages, adjudged him, as well by reason of the detention of said debt as for his costs and charges, fyc. To this-count the defendant pleads, that no executiou had been issued on said judgment against said Prospect K. Robbins, &c. The plaintiff replies, and *331 sets out an execution for $1731 86 debt, and for $41 12 for his damages by him sustained, by reason of the detention of said debt, together with his costs and charges, by him about his suit, in that behalf laid out and expended, &c. To- this replication the defendant demurs generally. To the second count in this declaration, the defendant pleads, that after the recovery of the said judgment in the said second count mentioned, (meaning the judgment against the said Prospect K. Robbins, set out as also above mentioned in the first count,) and before the filing said second count, and before the filing any declaration in said judgment against said.defendant, &c., the said Prospect K. Robbins surrendered himself to said Court, in discharge of said bail, &c.; to which plea there is a demurrer and joinder.' The Circuit Court supported the demurrer to the replication, and overruled that to- the plea ; and' these decisions of that Court are assigned for error. The defendant in error made these points, viz-: 1st. That there is a variance between the judgment set out in the first count and the execution as set out by the replication. 2d. That the plea, demurred to by the plaintiff, is good; but if that is not good, the declaration of the plaintiff is bad, because; as he contends, the action is' local.
As to the first point of the defendant, the first count sets o.ut a judgment for $1736 86, as also the sum of $53 07 for his damages, which in and by the said Circuit Court, were adjudged to said plaintiff, as well by reason of the detention of said debt, as for his costs and charges, by him about his suit, &c.
The replication sets out an execution for the same amount of debt, to-wit: $1731 36, and for the sum of $41 12 for his damages, by him sustained, by reason of the detention of said debt, together with his costs and charges, by him about his suit, &e. In this replication, there is no averment of the amount of costs; so that it cannot be known by the record, whether the costs, added to the damages for the detention of the debt,, will amount to the sura set out in the first count of the declaration. The true question, then, in the opinion of this Court, is, whether this variance is material j for the demurrer admits that an execution did issue upon that judgment, as stated in the replication.. The Court thinks this variance immaterial. In Phillips ». Bacon, decided in the King’s Bench, 48 George III, and cited 208, to¿> paging of Peak’s evidence, it was held, that where fir fa. was stated to have been for a debt, and 80 shillings damages, sustained by reason of the detention thereof, when the writ mentioned the 80 shillings to be given, as well for 'damages sustained by the detention, of the said debt, as for the costs and charges of the suit, the variance was not material; but had the plaintiff attempted to describe the record by a promt patet, &e., he would have been held to¡ a more literal statement. In Bissell v. Kipp, 5 Johnson, p. 92, the plaintiff gives in evidence- a judgment against Brigham, and offered in evidence an execution of one cent more than the judgment; which was objected to, on account of the variance. Kipp, the defendant, was Sheriff, and was sued in this action, for an escape of Bingham. The execution was admitted in evidence. Had the defendant, in each of these cases,' attempted to take advantage of •these variances, they would have been amendable, and a third person would not be allowed to take such advantage. These are causes, where the records were admitted iu evidence.. The Court thinks the present case much stronger, as the identity of the execution is admitted by the demurrer.
The second point made by the defendant, k, that his plea is good, but if it is not good, the plaintiff’s declaration is bad, because, as he contends, the action is local. It is the opinion of the Court, that this plea is bad. By the statute, the bail, *332 is fixed on the return of the first sci. fa. returned executed, or the second returned nihil. Admitting that the bail can surrender the principal, after an action of debt commenced against the 'bail, the plea should have stated, that the principal was surrendered before the return of the- process against the bail executedwhereas, that ' plea states, that the principal was surrendered before the filing of said second count, or before the filing of any declaration on said judgment.- It may be further observed, that the declaration is not on a judgment. The next inquiry, then, is, whether this action is local, and, as such, ought to have been brought in Lincoln county. By an act of the Assembly of the late Territory of Missouri, passed at the December session, in the year 1813, it was provided, that no inhabitant of the Territory shall be summoned for trial in any other county than that of which he is an inhabitant, uñless he be found in the county where the plaintiff resides, at the time of serving such process. This law governs this case, in the opinion of this Court, for it was not re-pealed before the service of this writ. The action, then, was rightly brought in the county of St. Charles-
The judgment of the Circuit Court is reversed, and the cause remanded to the said' Court for trial; and: plaintiff in error will recover his costs in this Court
Pextihone, J.
I give no opinion on the question of variance, as it is unnecessary, from the concurrence of the other two Judges on that point ;■ and having differed from the majority of the Court on that point, by a decision while on the Circuit Bench, and also in a ease between these same parties at the last term, I deem it proper to say nothing on this point.