*Margin:* JUNE TERM, 1838.

Montgomery v. Farley & Robinson.

---

ALEXANDER MONTGOMERY v. SAMUEL FARLEY & JOHN ROBINSON.

*Margin:* 5 233
f 83a 299

1. In ejectment. Defendant gave in evidence judgment before the justice—execution and transcript filed with clerk of circuit court, and execution thereon—sale under execution, and sheriff's deed. The execution issued by the justice was $88 03 debt, and $1 76 damages, and the judgment was $88 01 debt, $1 76 damages. Held, that such literal variance is immaterial, and the court properly allowed the execution to be read.
2. Evidence *in pais* is inadmissible to invalidate the record of a judgment.

ERROR to the circuit court of St. Louis county.

*B. Mullanphy,* counsel for plaintiff in error:
1. At the time of the proceedings before the justice, Montgomery was not within the justice's jurisdiction, and consequently that the proceedings before the justice were *coram non judice.*

JUNE TERM,
1838.

Montgomery
v.
Farley & Robinson.

2. The facts present a case of utter variance. The execution on which the property was sold professes to issue in aid of a transcript from the justice of a judgment for debt of $88 01, and interest $1 76. The execution issued from the justice professes to issue on a judgment of debt of $88 03, and interest $1 76. The justice's transcript, offered in evidence, professes to be of a judgment of debt of $88 01; interest, $1 76.

3. As to the legality of the transcript filed in the circuit court clerk's office, we find in sec. 1 of an act establishing justices' courts, that no justice of the peace shall issue his summons, unless the plaintiff, by himself or agent, shall have filed with the justice the bond, note, bill, or account, on which the demand was founded. It does not appear, from the justice's transcript, that any note was ever filed with him. On that fact of filing rested the justice's jurisdiction. That fact must have been averred in the justice's transcript, to make it a transcript of a cause over which the justice had any jurisdiction.

*H. S. Geyer,* counsel for defendant in error:

1. The questions presented by this record are purely questions of evidence. The transcripts filed in the clerk's office are records of the circuit court, and, as such, are undeniably competent—Revised Code, 1825, p. 484; 1835, p. 364. Such transcripts are evidence, whether filed in the clerk's office or not—Revised Code, 1825, 362; 1835, 250.

2. The certificate of the clerk of the county court and the copies of executions are evidence by statute—Revised Code, 1825, 475; 1835, 250. There is some variance between one of the executions and the judgment before read, but that is a question not of admissibility, but of legal effect when read.

3. The execution, No. 41, is expressly authorized by law—Revised Code, 1825, 484, and no legal objection to its admission exists. The evidence offered by the plaintiff, and rejected by the court, is so clearly inadmissible as to require no comment.

TOMPKINS, Judge, delivered the opinion of the court.

This was an action brought by Montgomery, the plaintiff in error, against Farley, for the recovery of a house and lot. Robinson was admitted as co-defendant. Judgment was given for the defendants, and to reverse it this writ of error is prosecuted.

JUNE TERM,
1838.

Montgomery
v.
Farley & Robinson.

The plaintiff proved possession in himself, and those under whom he claimed, by deed, dated 27th March, 1828, for several years before the date of this deed. The defendants read in evidence the transcript of a judgment recovered against the plaintiff and another, for $88 01 debt, and $1 76 costs, filed in the office of the clerk of the circuit court of St. Louis county, 28th April, 1830, and a certificate of the clerk of the county court of St. Louis county, that among the dockets, files, books and papers of Joseph N. Garnier, late a justice of the peace, delivered to him and remaining in his office, is an execution in favor of Nathan Gildersleve v. Montgomery and Jones, reciting a judgment for $88 03 debt, and $1 76 costs.

The judgment above mentioned was obtained before the same justice and between the same parties. The lot in dispute was sold on an execution issued by the clerk of the circuit court of St. Louis county on the transcript of the judgment filed as above mentioned, and the sheriff's deed for the same to Robinson was read in evidence.

The act of assembly requires that no execution shall issue from the office of the clerk of the circuit court on a transcript thus filed, till an execution has been issued by the justice, and returned no goods found.

The question to be decided is, whether there is such a variance between the execution issued by the justice, and the judgment rendered before him, that the execution should not have been read in evidence.

The case of Collier v. Easton, (1 vol. Mo. Decisions, and the authorities there cited, p. 469,) is in point to show that the variance is immaterial; for, says the court, "had the defendant in the cases cited attempted to take advantage of these variances, they would have been amendable, and a third person would not be allowed to take such an advantage." It is my opinion, then, that the circuit court committed no error in permitting the execution issued by the justice to be read in evidence.

The counsel for the plaintiff also offered to prove that when the judgment (of which a transcript was read in evidence) was obtained against him by Nathan Gildersleve, and at the time the suit was commenced, he did not reside in the township of St. Louis, in which the justice resided, and in which judgment was rendered against him. He should have raised that objection before the justice, and if injustice had been there done to him, he should have appealed to the circuit court. The records of a judgment offered in evidence in another suit cannot be invalidated by parol testimony, or matter *in pais.*

In ejectment. Defendant gave in evidence judgment before the justice—execution and transcript filed with clerk of cir. ct. and execution thereon—sale under execution, and sheriff's deed. The execution issued by the justice was $88 03 debt, and $1 76 damages, and the judgment was $88 01 debt, $1 76 damages. Held, that such literal variance is immaterial, and the court properly allowed the execution to be read. Evidence *in pais* is inadmissible to invalidate the record of a judgment.

JUNE TERM, 1838.

The circuit court has not, in my opinion, committed any error against the plaintiff in error. Its judgment ought, then, in my opinion, to be affirmed, and such being the opinion of the rest of the court, it is affirmed.