OTTILDA PFLANZ, RESPONDENT, v. HARRY PFLANZ, APPELLANT.—177 S. W. (2d) 631.

St. Louis Court of Appeals. Opinion filed February 8, 1944.

Appellant's motion for rehearing overruled and opinion modified by the Court on its own motion February 29, 1944.

874

*Joseph T. Davis* for appellant.

*Harry A. Levi* and *John W. Barry* for respondent.

876

McCULLEN, J.—This is an appeal from an order of the Circuit Court of the City of St. Louis overruling a motion of defendant to quash and stay an execution theretofore issued at plaintiff's request.

It appears from the record that on April 18, 1935, in said court, plaintiff was granted a divorce from defendant and was also awarded custody of their minor child, a girl, then twelve years of age. In the divorce decree it was ordered that plaintiff recover of defendant as and for her alimony, and for the support and maintenance of the minor child, the sum of ten dollars per week until further order of the court, four dollars thereof as alimony for the support of plaintiff and six dollars thereof as an allowance for the support of the minor child, "payable on Thursday of each week, the first payment to be made and to become due and payable forthwith, and that the defendant pay the costs of this proceeding, and in default of the payment of said costs, or any of the installments awarded as aforesaid as alimony and for the support of said child, as and when same become due and payable, execution issue therefor."

On August 12, 1942, plaintiff filed in the court a statement entitled "Affidavit of Nonpayment of Allowance," which alleged the facts as to the granting of the divorce on April 18, 1935, and the orders of the court with respect to alimony and the allowance for the support of the minor child, and stated the amounts thereof respectively, as well as the time for payment of the same, all as above stated. The affidavit further alleged:

"Plaintiff further states that part of said allowance has been paid, but there is still due to plaintiff the sum of nine hundred and fifty dollars for her support and the support past due of their minor child."

The above affidavit was signed and sworn to by plaintiff. Upon the same date, namely, August 12, 1942, upon plaintiff's request, based upon the above affidavit, the execution involved herein was

issued by the clerk of the circuit court and directed to the sheriff of the City of St. Louis, commanding said sheriff:

"These are, therefore, to command you that of the goods and chattels and real estate of said Harry Pflanz, you cause to be made $950.00, debt, interest, cost and charges."

The execution was returnable to the December Term, 1942, of said court. The St. Louis Independent Packing Company was served and summoned as garnishee thereunder.

The record shows that up to the return day of the writ of execution said garnishee owed wages to defendant amounting to $536.10, but returned, under said garnishment, ten per cent thereof, amounting to $53.61.

On October 2, 1942, defendant filed in the circuit court a motion to quash and stay the execution in which, after referring to the affidavit of plaintiff upon which the execution was based, he alleged:

"Said affidavit is not in conformity with the law and the rules of this Court in that it is merely stating a general conclusion and does not state facts sufficient for this defendant or the Court to ascertain and determine the weekly payments claimed by plaintiff nor the truth and accuracy as to said amount.

"This defendant has been paying said weekly installments and denies that he owes plaintiff or is indebted to plaintiff in any such sum as $950.00 or anywhere near said amount and, therefore, is entitled to know specifically the facts and basis of said claim.

"The plaintiff, based upon such improper affidavit, has brought a garnishment against defendant's employer and has tied up all of defendant's wages and earnings so that he is unable to purchase the necessities for himself, his wife and minor child to live on and, in order to have said garnishment released, plaintiff is demanding of and trying to coerce defendant into a settlement on the basis of said false and unjust sum of $950.00.

"The said minor child referred to in the decree and for whose support the Court provided $6.00 per week, and which weekly allowance is included in said affidavit of plaintiff, has been and now is married and is in no way dependent upon plaintiff for such support. Said minor child since her marriage does not reside in the State of Missouri."

Defendant's above motion was verified by his affidavit.

The trial and hearing on defendant's motion to quash and stay the execution was held on December 18, 1942, during which, in open court, counsel for plaintiff excluded the demand for any amount for the support and maintenance of the minor child, but did not change the amount of $950 stated in the affidavit, upon which the execution was based. In this connection, plaintiff's counsel told the court:

"I believe I stated in my affidavit the question of the child. Under our affidavit, for the first five years from the age of thirteen, which she was at the time of granting of the decree in 1935, and she did

go to work at approximately, I might say eighteen. We have ceased that court order of asking for the additional $6.00 in our affidavit, so up to the present day from 1940 up to the time of the filing of the execution, approximately two years, we are not asking for anything in this judgment for the child.''

At the beginning of the hearing on the motion to quash the execution defendant objected to proceeding in the matter on the ground that the affidavit filed in the cause did not make out a *prima-facie* case as to any amount due plaintiff from defendant; that the amount set forth in the affidavit was of a general character, namely $950; that it did not state the dates of defendant's failure to pay the alimony, but stated one general sum covering a period of seven years. The court overruled the objection and defendant saved his exceptions. Defendant then testified that he was in the employ of the St. Louis Independent Packing Company and had been working there the past four years; that he had married again and his present family consists of his wife, a sixteen months old child as well as an eight year old son of his present wife; that he has supported and is supporting his family; that he had paid plaintiff all of the amounts specified in the decree up to May 15, 1942; that his daughter, the minor child involved, had been married since September, 1942, and resides in Philadelphia, Pennsylvania.

On cross-examination defendant testified that since 1935 he had made most of the installment payments by money orders, for which he had receipts, but that some payments were made in cash; that after 1935 there was a period of about two years during which he was not regularly employed, and during that period he lost three to four months during which he was unable to pay his wife the regular weekly alimony and support money, but that he kept up his installment payments as best he could; that in his opinion he does not owe plaintiff anything for that period because he paid up any delinquent installments as soon as he resumed work; that since working for the Independent Packing Company, during the last four years, he had not missed a single payment; that between 1936 and 1937 he and plaintiff lived together as man and wife, and that from January to August of that year he gave her his entire weekly wages of $39 to $40 per week as they expected to marry again; that there was a period of three years that the minor child was working, but that he nevertheless gave plaintiff the benefit of the $10 a week.

Defendant's testimony, as above set forth, was the only testimony in the case. Plaintiff did not testify or present any evidence whatsoever.

The court took the matter of the motion to quash and stay the execution under advisement and, on January 4, 1943, entered its order overruling the same, whereupon this appeal by defendant followed in due course. Thereafter, on garnishee filing a bond in the

sum of $482.49, further proceedings against it were stayed by an order of court.

Defendant contends that an execution cannot issue on an installment alimony judgment for defaulted installments unless the party seeking the execution makes an affidavit or application setting forth the installments in default as a basis to calculate the amount due, and that failure of plaintiff herein to follow such procedure entitles defendant to have the execution quashed. In support of this contention defendant cites Section 1519, Revised Statutes Missouri 1939 (Mo. R. S. A., section 1519), and a number of decisions of our courts as well as other authorities.

The statute, Section 1519, *supra,* does not support defendant's contention. Said statute provides, among other things, that when a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, as from the circumstances of the parties and nature of the case shall be reasonable. It also authorizes the court to award an execution for the collection of the alimony and maintenance, when the wife is plaintiff, upon default of the defendant to provide such alimony and maintenance, and provides that the orders may be altered by the court on application of either party from time to time as to the allowance of alimony and maintenance.

We have examined the cases and authorities cited by defendant in support of this point and find nothing therein to indicate that, as a prerequisite to the issuance of an execution on an installment alimony judgment, there must be an affidavit or application setting forth the installments in default. Nor is there anything in any of said cases or authorities holding that the absence of such a showing in the application for the execution entitles the defendant to have the execution quashed. It would serve no useful purpose for us to analyze and discuss the cases mentioned, because defendant concedes in his brief that his search has not revealed a case exactly analogous to the question presented here, and that he relies upon general principles of law in support of his contention.

We are of the opinion that the execution was properly issued. It is well established that, under Missouri practice, a judgment for alimony or maintenance in a divorce suit is treated the same and is subject to the same incidents as other judgments rendered in actions at law, and that under Section 1519, *supra,* an execution may issue on failure of defendant to pay such a judgment. [McElvain v. McElvain, 221 Mo. App. 135, 296 S. W. 460; Mayes v. Mayes, 342 Mo. 401, 116 S. W. (2d) 1; Nelson v. Nelson, 282 Mo. 412, 221 S. W. 1066.]

It must be remembered that defendant is not seeking to modify the judgment on which the execution herein was based. The existence and validity of the judgment itself are not questioned in any manner.

The record shows that the judgment, also referred to as decree, was entered on April 18, 1935, and was for four dollars per week for alimony for the support of plaintiff and six dollars per week for the support and maintenance of the minor child, beginning forthwith, and payable on Thursday of each week thereafter until the further order of the court. The execution was in the sum of $950, which was stated in the affidavit of plaintiff to be the sum due on the judgment and unpaid. The amount, $950, being much less than the amount of the accrued installments, as plainly evidenced by the face of the judgment at the time of the issuance of the execution on August 12, 1942, it was proper to issue the execution for said amount since there was no record of any credits of amounts paid on the judgment. As a matter of law, it was the duty of the clerk of the circuit court to issue the execution for that amount, under the circumstances then existing. The question as to whether the amount stated in the execution was the correct amount remaining unpaid, or was incorrect because of payments of accrued installments made by defendant, was a matter for presentation of proof to the court by defendant in support of his motion to quash the execution.

As to the affidavit against which the defendant complains, we are of the opinion that no such affidavit was required. It constituted no pleading, and none was necessary. The judgment definitely fixed the amounts of the installments and when they should be paid. Nothing remained to be done by the court to make the judgment enforceable by execution. Upon failure of defendant to pay accrued installments, plaintiff was entitled to have execution issued therefor. Plaintiff, as the holder of the judgment, or her authorized attorney, was entitled to have the execution issued by the clerk upon a mere request presented to said officer in accordance with any reasonable method which would enable him to keep a record thereof. The clerk of the circuit court is an "administrative officer" whose functions are largely ministerial in character. While the execution was based upon a judgment rendered by the court, the execution itself was not issued by the court but was issued by the clerk, because it is the statutory duty of said officer to issue an execution on a judgment when requested to do so by the holder thereof. [See Sections 1316, 1322 and 13,295, R. S. Mo. 1939 (Mo. R. S. A., sections 1316, 1322 and 13,295); and State ex rel. and to the use of City of St. Louis v. Priest, 348 Mo. 37, 152 S. W. (2d) 109.]

Defendant overlooks the fact that, in this proceeding, he is the moving party. He undertook by his motion to have the court interfere with the execution issued on the judgment on the ground of payment thereof, at least in part. The burden of proceeding in the matter was on him for two reasons. First, because even as to a party who occupies the position of a defendant, payment is an affirmative defense which must be pleaded and proved, and the burden of proving payment is upon him who alleges it. [Ferguson & Wheeler v.

Dalton, Admr., 158 Mo. 323, 59 S. W. 88; Yarnell & Co. v. Anderson, Jr., 14 Mo. 619; Griffith v. Creighton, 61 Mo. App. 1; Lambert v. Gutman (Mo. App.), 171 S. W. (2d) 735.] Second, because in this phase of the proceeding in the cause defendant does not occupy the position of a defendant. He is the movant of the motion to quash the execution and, in order to invoke the action of the court on the motion, it was incumbent upon him to produce evidence showing payment of the judgment, in whole or in part, as to accrued installments.

We hold that the court did not err in overruling defendant's objection to proceeding in the matter, which was presented at the beginning of the hearing.

We are of the opinion, however, that the court erred in failing to quash the execution in part. The evidence was far from clear as to the amount of accrued installments which remained unpaid at the time of the issuance of the execution on August 12, 1942. It will be recalled that plaintiff's counsel, in open court at the time of the hearing on the motion to quash, withdrew from the court's consideration the additional six dollars per week mentioned in his affidavit, and further stated to the court, "so up to the present day, from 1940 up to the time of the filing of the execution, approximately two years, we are not asking for anything in this judgment for the child." After making the above statement in open court, plaintiff did not reduce, or offer to reduce, the amount stated in the execution. It still remained $950, as issued by the clerk at plaintiff's request. Furthermore, the only testimony in the case was that given by defendant, which was to the effect that he had paid plaintiff all of the amounts specified in the decree up to May 15, 1942. Inasmuch as the execution was issued on August 12, 1942, it is obvious that even at the rate of ten dollars per week for the period between May 15, 1942, and August 12, 1942, no such sum as $950, stated in the execution, could have accrued and become due. The court, therefore, erroneously permitted the execution to stand for the full amount of $950 in the face of admissions by plaintiff and evidence which showed, without conflict or dispute, that no such sum was due upon the judgment.

While there is no case that we are aware of in this State on all fours with the situation before us, we believe that under principles deducible from cases where relief was sought from executions by judgment debtors on the ground of payment of the judgment, defendant herein is entitled to have the execution quashed to the extent of the excess over and above the amount shown to be due on the judgment. [See 33 C. J. S., Executions, sec. 75, p. 216, and cases cited.]

In State ex rel. Lane v. Montgomery, 223 Mo. App. 492, 17 S. W. (2d) 586, the court had before it for consideration Section 1675, R. S. Mo. 1919, now Section 1387, R. S. Mo. 1939 (Mo. R. S. A., Section 1387), which provides that if any person against whose property any execution or order of sale shall be issued apply to any judge of the court out of which the same may have been issued,

setting forth good cause why the same ought to be stayed, set aside or quashed, reasonable notice of such intended application having been previously given to the opposite party, the judge shall hear the complaint. It was held in said case that, under the authority of the above statute, it is the duty of the judge to quash the execution if from the evidence it appears that the judgment has been fully paid. [State ex rel. Lane v. Montgomery, *supra.* See also Wyatt v. Fromme, 70 Mo. App. 613, and Woods v. Woods (Mo. App.), 159 S. W. (2d) 320.]

Section 1387, *supra,* affords a remedy for relief to a judgment debtor during vacation of the court by authorizing a judge in vacation to stay or quash an execution, O'Neal v. Milburn (Mo. App.), 112 S. W. (2d) 124; Nelson v. Nelson, 282 Mo. 412, 221 S. W. 1066, but it does not preclude a motion in open court for the same purpose. [Mellier v. Bartlett, 89 Mo. 134, 1 S. W. 220; Heuring v. Williams, 65 Mo. 446.] Moreover, it has been held that said section provides a full, complete and adequate remedy at law for staying, setting aside or quashing an execution. [Jones v. Overall, 223 Mo. App. 266, 13 S. W. (2d) 581.]

In view of the holdings in the above cited cases that it is the duty of a court to quash an execution issued on a judgment which has been fully paid, it necessarily follows that an execution issued for an amount in excess of the amount due on a judgment should be quashed to the extent of the excess, and permitted to stand only as to the amount shown to be accrued and unpaid at the time of the issuance of the execution. By such procedure the rights of all interested parties will be protected. The judgment creditor is entitled to execution for the amount shown to be due on the judgment, but should not be permitted to tie up property of the judgment debtor by execution and garnishment for an amount in excess thereof. On the other hand, execution is intended for the purpose of enforcing and collecting the judgment, and a judgment debtor is not entitled to have an execution wholly quashed and be thereby entirely relieved of the levy on his property under the execution and garnishment merely because of a variance in the amount of the judgment due and the amount stated in the execution at the time of the issuance thereof. Where the variance is slight, the trial court should not interfere. [Montgomery v. Farley et al., 5 Mo. 233; Easton v. Collier, 1 Mo. 467.] But where, as here, the variance is in a substantial amount, it should be corrected.

From the evidence in the record before us we are not able to state the amount that was due on the judgment at the time of the issuance of the execution herein. Hence, we are not in a position to direct the trial court as to that amount.

The order of the circuit court overruling the motion to quash is, therefore, reversed and the cause remanded with directions to said court to grant defendant a new hearing on his said motion, and to

make and enter a finding, on the evidence adduced at such hearing, of the amount accrued and unpaid on the judgment on the date of the issuance of the execution, and to enter an order quashing the execution to the extent of the excess over and above the amount so found, and amending the execution in accordance therewith. *Hughes, P. J.,* and *Anderson, J.,* concur.