Rose Marie **BONADONNA**, Appellant,

v.

David N. **BONADONNA**, Respondent.

No. 46886.

Supreme Court of Missouri,

Division No. 2.

April 13, 1959.

---◆---

J. K. Owens, Kansas City, for appellant.

No attorney for respondent.

STOCKARD, Commissioner.

Rose Marie Bonadonna has appealed from the order of the Circuit Court of Jackson County quashing a writ of execution to collect a judgment in her favor and against respondent. The amount in dispute is determined by the amount for which the execution was issued, which in this case was more than $10,000. La Presto v. La Presto, Mo.Sup., 285 S.W.2d 568.

■ Respondent filed a motion to quash the execution upon the sole ground that the judgment had been paid. At the hearing on the motion held on March 14, 1958, no evidence whatever was presented, but the trial court entered the following order: "Thereafter, and on March 14, 1958, defendant's Motion to Quash Execution is by the court taken up and said execution is by the court quashed." Appellant has appealed to this court, and the only point presented in her brief is that the trial court had no authority to quash the execution based upon the fact that the judgment had been paid without hearing evidence to substantiate said allegation. We agree with appellant. The allegation in the motion did not prove itself. The burden of sustaining the motion to quash rested upon respondent, and since he pleaded payment, an affirmative defense, it was incumbent upon him to produce substantial evidence showing payment of the judgment. Cervantes v. Cervantes, 239 Mo.App. 932, 203 S.W.2d 143; Pflanz v. Pflanz, 237 Mo.App. 873, 177 S.W.2d 631, 635. There was no proof whatever of the ground set forth in respondent's motion to quash the execution, and the motion was, therefore, improperly sustained. Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69.

■ It appears from an oral comment made by the trial court at the hearing that he sustained the motion to quash because "the plaintiff is now and was at the time the execution was issued incarcerated in the United States Penitentiary." But, this was not a ground pleaded in the motion to quash, and it was not urged orally by respondent as a ground for quashing the execution. There was a discussion between counsel concerning the application to appellant of Section 222.010 RSMo 1949, V.A. M.S., which provides that "A sentence of imprisonment in the penitentiary for a term less than life suspends all civil rights of the persons so sentenced during the term thereof, * * *; and the person sentenced to such imprisonment for life shall thereafter be deemed civilly dead." However, *respondent's* counsel advised the trial court that in his opinion "it must be considered as the established law that the plaintiff is not civilly dead and her civil rights are not suspended." On this issue, as a matter of interest, see Presbury v. Hull, 34 Mo. 29; Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227; Fidelity & Deposit Co. of Maryland v. Boundy, 236 Mo.App. 656, 158 S.W.2d 243; Dominique, Some Aspects of Civil Death in Missouri, I Intramural Law Review 200. Therefore, from the oral comments made at the hearing on the motion it appears that the trial court quashed the execution for a reason not requested by respondent.

We expressly refrain from ruling on the issue of whether appellant may sue out a writ of execution to collect a judgment when she is incarcerated in a Federal penitentiary. The formal order in the court's records and in the transcript, which is the only order from which the appeal was taken, clearly indicates that the execution was quashed on the ground stated in respondent's motion, or for the reason that the judgment had been paid. Oral comments may be considered for the purpose of explaining or supporting a record entry, but they cannot be used as a substitute for or to dispute it. See Hammond v. Crown Coach Co., 364 Mo. 508, 263 S.W.2d 362, and the discussion there made concerning the effect of comments of the trial court in conflict with his order sustaining a motion for a new trial. See, also, Bierman v. Langston, Mo.Sup., 304 S.W.2d 865; Ponyard v. Drexel, Mo.App., 205 S.W.2d 267, 270; Stark v. St. Louis Public Service Co., Mo. App., 211 S.W.2d 500; In re Oberman's Estate, Mo.App., 281 S.W.2d 549. In addition, the transcript indicates that this question was not in fact formally and properly submitted to the trial court by respondent (see Section 513.360 RSMo 1949, V.A. M.S.), and the order was made, if based on appellant's confinement in the Federal penitentiary, contrary to respondent's contention. We note also that appellant's brief in this court is limited to the sole point that there was no evidence that the judgment was paid, and that respondent has filed no brief whatever.

The order quashing the writ of execution is reversed, and the cause is remanded for further proceedings.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.