Larry Wayne **HEDGECORTH**, Plaintiff-Respondent,

v.

Charlotte Roberta **HEDGECORTH** (De Lassus), Defendant-Appellant.

No. 33762.

St. Louis Court of Appeals, Missouri.

Jan. 26, 1971.

Gerritzen & Gerritzen, St. Louis, for defendant-appellant.

Hale W. Brown, Kirkwood, for plaintiff-respondent.

WEIER, Commissioner.

Defendant, Charlotte Roberta Hedgecorth, had obtained a divorce from plaintiff, Larry Wayne Hedgecorth, on January 23, 1968. As a part of this decree, defendant was awarded the custody of two minor children and plaintiff was ordered to pay defendant $17.50 per week for the support of each child.

This case arises over two post-judgment proceedings, both instituted by defendant. One was commenced on October 21, 1969,

by the filing of a pleading entitled "Motion to Modify to Compel Plaintiff to Pay Medical Bills for Children, X-Wife & for Attorney's Fees." To this plaintiff filed a motion to dismiss for the reason that the court was without jurisdiction to grant the relief sought. The other proceeding was instituted by a request for an execution in the form of an affidavit filed by defendant stating that on November 24, 1969, the plaintiff owed her $315.00 for child support. Plaintiff filed a motion to quash the execution issued on this same date, for the reason stated that plaintiff owed nothing to defendant on the judgment.

Both the motion to modify and the motion to quash were submitted on the same day, December 22, 1969. After submission of evidence, the court sustained plaintiff's motion to dismiss the motion to modify and plaintiff's motion to quash the execution.

As to the action of the court in denying the motion to modify, defendant claims error, contending the evidence which disclosed failure on the part of the plaintiff-father to pay for medical expenses incurred by defendant-mother on behalf of the children after the decree of divorce supported the claim set forth in her pleading entitled "Motion to Modify, etc." An examination of this pleading reveals that it is completely directed to the recovery of a hospital bill incurred by defendant during the marriage and medical and dental expenses incurred by her on behalf of the minor children subsequent to the decree of divorce and prior to the filing of the motion to modify. The evidence adduced in its behalf was limited to the same obligations, not prospective needs or requirements.

■ The authority to modify a divorce decree as to child maintenance must be found in the statutes or it does not exist. Abright v. Abright, Mo.App., 454 S.W.2d 957, 958 [1]. Section 452.070 RSMo 1969, V.A.M.S., contains this authority for a court to modify a child's support allowance after the decree of divorce. But "[t]he

statute creates a method for determining *in advance* the extent of the father's obligation for the *future* support of his children." The decree of modification operates prospectively and not retroactively. And so, as we have previously held, past medical expenses incurred in the care of a child cannot be recovered thereafter by modifying the divorce decree. Jenkins v. Jenkins, Mo.App., 453 S.W.2d 619, 621 [2, 3]. Defendant's claim for hospital expense incurred by her during the marriage could not be asserted by her against plaintiff after the divorce decree. The decree was conclusive against not only all issues tried but also all issues that might have been litigated. McKenzie v. McKenzie, Mo.App., 306 S.W.2d 588, 592 [10]. The trial court properly dismissed defendant's motion to modify.

■ Defendant also charges error in the action of the court sustaining plaintiff's motion to quash the execution. We find merit in this contention. Defendant, being the party in whose favor the judgment was rendered, was entitled to have an execution issued thereon at any time merely upon request. Civil Rule 76.01, V.A.M.R.; State ex rel. Keitel v. Harris, 353 Mo. 1043, 186 S.W.2d 31, 34 [5]. When the execution was issued for $315.00, plaintiff, the judgment debtor, properly filed a motion to quash the execution in order that he might prove payment of all or part of the money due. Civil Rule 76.60, V.A.M.R.; Pflanz v. Pflanz, 237 Mo.App. 873, 177 S.W.2d 631, 636 [8]. But plaintiff, being the moving party, had the burden of proving payment by substantial evidence. Bonadonna v. Bonadonna, Mo., 322 S.W.2d 925, 926 [1]. In this he failed. By his own direct testimony at one time during the hearing on his motion, he admitted owing $155.00 and at another time, on redirect examination, he acknowledged owing $115.00 less a payment which he thought was "probably" $70.00. Although it is the duty of a court to quash an execution issued on a judgment which has been fully paid, where a motion is directed to an

execution because of payment and the evidence establishes partial payment, the execution should be allowed to stand as to that part which remains unpaid and quashed only as to that part which had been paid. Pflanz v. Pflanz, supra, 237 Mo.App. 873, 177 S.W.2d 631, 636 [9–12]. It therefore follows that the judgment of the trial court quashing the execution must be reversed and remanded.

 Defendant has also challenged the refusal of the trial court to allow her suit money for presenting the motion to modify and defending the motion to quash. Defendant sought an allowance for attorney's fees in her motion to modify, but, as we have previously determined, the court could not award recovery of accrued medical expenses by modifying the divorce decree. Since there was nothing here that the court could affirmatively act upon and the motion was improperly filed by defendant, it was not error for the court to deny attorney's fees. Howard v. Howard, Mo. App., 300 S.W.2d 853, 856 [10]. As to the contention that the court should have allowed attorney's fees to defendant to protect her execution against the motion to quash, there can be no doubt that she has a right to submit this issue to the court. Upon a determination that she is thereto entitled, the court, in the exercise of its sound discretion, may award her suit money for legal services incurred to defend her execution issued on a judgment in a divorce action. Weniger v. Weniger, Mo.App., 32 S.W.2d 775 [1, 2]. Defendant, however, failed to support her claim for attorney's fees in this respect by omitting 1) to file a motion for their allowance as was done in *Weniger,* supra in order to present the issue to the court, and 2) in failing to introduce evidence of the plaintiff's ability to pay. Papenberg v. Papenberg, Mo.App., 289 S.W.2d 468, 471 [6].

 Since the evidence is not clear as to the amount due on the judgment at the time of the issuance of the execution, we are not in a position to direct the trial court with respect to that amount. The case must therefore be remanded for a new hearing on the motion to quash. At that time, the defendant, upon proper motion, may prove her entitlement to an allowance for attorney's fees to oppose the motion. Jeans v. Jeans, Mo.App., 314 S.W.2d 922, 926 [11]. The issue of this allowance, if presented to it by motion, may be decided by the trial court in the exercise of sound discretion within guide lines set by the value of the legal services performed or reasonably expected to be performed on behalf of defendant and the financial status of the respective parties, including their incomes, obligations, necessities, and resources.

As to the other charges of error in limiting cross-examination and refusal to accept certain records in evidence, we are confident that there will not be a repetition of these problems on a re-trial of the motion to quash. Since these matters are not determinative of the case on appeal, this opinion will not be lengthened by their discussion.

The judgment below dismissing the motion to modify is sustained. That part of the judgment sustaining the motion to quash the execution is reversed and remanded for rehearing.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the judgment below dismissing the motion to modify is sustained. That part of the judgment sustaining the motion to quash the execution is reversed and remanded for rehearing.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.