**Larry Wayne HEDGECORTH, Plaintiff-Respondent,**

v.

**Charlotte Roberta HEDGECORTH, Defendant-Appellant.**

**No. 34392.**

Missouri Court of Appeals,
St. Louis District.

Oct. 24, 1972.

Gerritzen & Gerritzen, St. Louis, for defendant-appellant.

Hale W. Brown, Kirkwood, for plaintiff-respondent.

DOERNER, Commissioner.

This appeal is a sequel to that decided by this court in Hedgecorth v. Hedgecorth, Mo.App., 463 S.W.2d 596, which emanated from a decree of divorce previously granted defendant. In that appeal we affirmed the trial court's dismissal of defendant's motion to modify the decree but held that it had erred in sustaining plaintiff's motion to quash the execution issued on behalf of defendant to collect delinquent child support due her. Because the evidence was not clear as to the amount of child support due defendant we remanded that part of the case for rehearing, including defendant's then unfiled claim for an allowance for attorney's fees.

Following remand defendant did file a motion for an allowance for attorney's fees for the services rendered in opposing plaintiff's motion to quash the execution. Thereafter the parties agreed that as of September 30, 1971, the amount due and owing to defendant for back child support was $195.00, and defendant stipulated that her execution and request for a writ of sequestration was withdrawn. The court heard evidence on the defendant's motion for the allowance of attorney's fees and made an allowance to defendant of $200.00. Defendant appeals from that order and contends that the trial court "grossly abused his discretion" in awarding defendant the amount stated.

By that contention it is impliedly conceded that the determination of the amount to be allowed was a matter of judicial discretion, subject to appellate review only for an abuse of such discretion. Primarily defendant points to the time claimed to have been spent in opposing plaintiff's motion to quash the execution. The record before us is by no means clear as to the time spent in that respect and that expended in prosecuting defendant's motion to modify the divorce decree, which we previously held would not support an allowance. In any event the element of time is only one of various other factors to be considered by the court in the exercise of its judicial discretion, such as " * * the financial status of the respective parties, including their incomes, obligations, necessities, and resources." Hedgecorth v. Hedgecorth, supra, p. 599. We have reviewed the record in the light of such guidelines and have concluded that no abuse of the court's judicial discretion appears therefrom.

Accordingly, the judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment affirmed.

SMITH, P. J., and SIMEONE and KELLY, JJ., concur.