Gracie M. **HARDIN**, nee Swafford,
Appellant,

v.

Alva J. **HARDIN**, Respondent,

and

Central States Steel, Inc., Garnishee.

No. KCD 26624.

Missouri Court of Appeals,
Kansas City District.

Aug. 5, 1974.

Michael J. Albano, Graham, Paden, Welch, Martin & Tittle, Independence, for appellant.

Thomas W. Tierney, Kansas City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

This matter arises from an attempt by the appellant, former wife of the respondent, to collect by way of execution and garnishment, delinquent amounts of child support and alimony under a judgment rendered in the court below. The parties will be hereinafter referred to as they were below.

The court below sustained defendant's motion to quash the execution and garnishment and the plaintiff appealed. This order was a final appealable judgment and is properly before us. Flynn v. Janssen, 266 S.W.2d 666, 671 (Mo.1954); McDougal v. McDougal, 279 S.W.2d 731, 735 (Mo.App.1955); Carrow v. Carrow,

294 S.W.2d 595, 597 (Mo.App.1956); Section 512.020, RSMo 1969, V.A.M.S.

After this appeal was lodged in this court, the defendant filed a motion to dismiss, which we have previously (and properly) overruled. Defendant has not favored us with a brief and this cause was submitted without oral argument. Under the authority given to us by Rule 81.12(c) V.A.M.R. [formerly Rule 82.12(c)], we have secured from the Circuit Clerk the court file and permanent record of this case in the court below, and those, together with the transcript of the evidence on the motion to quash execution and garnishment and appellant's brief, constitute the record before us. Some detailed review of the history of this case is necessary.

Plaintiff was granted a decree of divorce from the defendant in Division No. 7 of the Circuit Court of Jackson County, Missouri in March of 1961. As a part of that decree, she was awarded the custody of two minor children born of the marriage, together with child support of $17.50 per week for each child, $1.00 per week alimony, and $150.00 for attorney's fee. These payments were to commence on March 23, 1961.

On March 24, 1961, again in Division No. 7 of the court below, an order was entered "by agreement" reducing the child support award to $10.00 per week per child, such payments to begin March 27, 1961.

On December 11, 1964, upon motion of the plaintiff, this order was again modified in Division No. 7 to provide for the payment of $15.00 per week per child beginning December 11, 1964.

On December 22, 1972, the plaintiff caused a general execution to issue from the court below for $3,305.00 alleged to be due and unpaid as child support, $494.00

unpaid alimony, and $177.00 attorney's fees under the above-described judgments, and specifically the judgment of December 11, 1964. In aid of this execution, a garnishment writ was issued to Central States Steel, Inc., in response to which that company acknowledged an indebtedness to the defendant of $423.32. On February 5, 1973, such garnishee was ordered to pay the $423.32 into court and was thereafter discharged.

On that same day, February 5, 1973, the defendant filed his motion to quash the execution and garnishment, alleging in essence, that the defendant and one Wayne Starr, as attorney for plaintiff, had made an agreement on January 13, 1971 whereby the defendant was to liquidate the "delinquencies owing by Defendant to Plaintiff in connection with the judgment giving rise to the aforesaid execution and garnishment [which] would be paid by Defendant in agreed weekly installments, which said agreement Defendant has fully and faithfully performed since that time." It should be noted that the said Wayne Starr was never an attorney of record in this case for the plaintiff; he was not further identified nor was he called as a witness; the alleged agreement was oral and was never approved by the court; and the plaintiff denied that she had ever made such an agreement or authorized it.

It is important at this point to note that the judgment of December 11, 1964 upon which the execution was issued is recorded in the permanent records of the Circuit Court of Jackson County, in Record Book 742 at Page 639, and on the margin of such page appears in longhand:

"December 21, 1972. Given credit up to and including December, 1972.

/S/ Robert Beaird" [1]

On February 9, 1973, a hearing was had on defendant's motion to quash execu-

---

1. On February 16, 1973 (after hearing on the motion to quash but before judgment) the plaintiff filed a motion to correct this marginal entry from "December, 1972" to "December 1962" and on February 22, 1973 filed an amended motion to correct it from "December, 1972" to "January 15, 1970". These motions were never directly acted upon by the court below prior to appeal.

tion and garnishment, and such proceeding may be briefly summarized by the statement that it conclusively established that the defendant did not have any accurate records of his payments under the various judgments except those presented to the court by the Child Support Division of the Jackson County Prosecutor's office. His other records, he stated, had been destroyed by vandals and the weather. He did testify, over objection, that he had an agreement with the plaintiff's lawyer, Wayne Starr, that execution would be withheld so long as he paid an extra $5.00 a week on the arrears in child support. He admitted delinquencies far in excess of the $423.32 reached by the garnishment here immediately involved. The plaintiff, on the other hand, testified from a summary of purported records, which she stoutly asserted were accurate (but which were not produced) and her testimony was evidence that the arrears were not exactly the amount set forth in the execution but were far in excess of the funds immobilized by the garnishment.

Be that as it may, the court below on February 26, 1973 entered a judgment sustaining the defendant's motion to quash, from which judgment this appeal was taken by the plaintiff. The basis of this judgment was that the execution and garnishment were void because the record showed by the marginal notation above quoted, was a "satisfaction of the judgment obligation to a date including the date on which such execution was issued."

As stated above, although defendant testified as to an agreement to withhold execution with the plaintiff's attorney, Wayne Starr, no further proof of such agreement was proffered nor such attorney further identified. "Robert Beaird" also remains completely anonymous and mysterious.

On the other hand, the plaintiff specifically disavowed any agreement through Starr or any authorized record satisfaction of the judgment. In the latter respect, the record shows this testimony by the plaintiff:

"THE COURT: Now, at any time up to this time, have you entered on the records in the Circuit Clerk's office, a satisfaction of payments received from your husband on this judgment?

THE WITNESS (Plaintiff): No, sir.

THE COURT: Have you instructed your attorney to make any such entry?

THE WITNESS: No, sir."

We have concluded that the judgment of the court below must be reversed and the cause remanded for further proceedings in accordance with this opinion.

The appellant in her brief urges six areas wherein she claims the court below abused its discretion. We note only two of these, since our ultimate decision is based upon an entirely different reason, not involving discretion at all, but rather, for the reason that the court's decision is erroneous *as a matter of law*.

■ Plaintiff asserts that the court erred in taking judicial notice of the purported marginal satisfaction of the judgment of December 11, 1964, above quoted, since this record was not introduced in evidence so as to become part of the transcript of the evidentiary hearing below. We do not agree. It was entirely proper for the trial court to judicially notice this record. It has long been the law that courts may (and should) take judicial notice of their own records in prior proceedings which are (as here) between the same parties on the same basic facts involving the same general claims for relief. Such courts may do so on their own motion or at the request or suggestion of a party. Arata v. Monsanto Chemical Company, 351 S.W.2d 717, 721 [5] (Mo.1961); Vogel v. Vogel, 333 S.W.2d 306, 310 [6, 7] (Mo. App.1960); Munday v. Thielecke, 483 S. W.2d 679, 681–682 [2] (Mo.App.1972); Hawkins v. Hawkins, 462 S.W.2d 818, 826

[10, 11] (Mo.App.1970). Likewise, this court, under Rule 81.12(c) can consider such record on appeal.

The other argument advanced by plaintiff which should be noted here is her position that the fact that she may have claimed *total sums due* from defendant in excess of the *actual amount due* or that the execution process is inaccurate in other particulars, does not require that the execution and garnishment be quashed, *in toto*. With this position, we agree. The execution was upon the judgment of December 11, 1964 and admittedly the unpaid amounts due thereunder far exceeded the amount of $423.32 secured by garnishment. It has long been the law in this state that if a judgment creditor seeks an execution and garnishment in aid thereof in an amount in excess of the judgment amount actually due, the debtor may move to quash and the court should quash only so much thereof as is in excess of the amount actually due. Rehm v. Fishman, 395 S.W.2d 251, 256 [14] (Mo.App.1965); Pflanz v. Pflanz, 237 Mo.App. 873, 177 S.W.2d 631, 636 [9] (1944); Hedgecorth v. Hedgecorth, 463 S.W.2d 596, 598–599 [9] (Mo. App.1971). In such circumstances, it is incumbent on the court to judicially determine, as near as may be, the amount due, and to quash the execution only so far as the amount seized thereunder exceeds such sum. In the matter before us, no part of the execution or garnishment should have been quashed because the amount admittedly due exceeded the sum paid into court by the garnishee.

But the court below did not order the execution and garnishment quashed for this reason. Rather, the basis for such judgment was clearly stated to be that the judgment had been released by the marginal notation on the record which satisfied the judgment obligation through a date (December, 1972) including the date on which the execution was issued and such execution and garnishment in aid thereof were therefore void. With this position, we disagree.

The methods whereby judgments can be released and satisfied are clearly defined in and circumscribed by statute and rule.

Rule 74.51 provides:

"When any judgment or decree is satisfied otherwise than by execution, *the party in whose favor the same was rendered* shall, immediately thereafter, enter an acknowledgment of satisfaction thereof *either in open court or on the margin of the record of the judgment or decree* in vacation." (Emphasis supplied. Compare Section 511.570 RSMo 1969, V.A. M.S.).

Rule 74.52 provides:

"Satisfaction may be entered by the *plaintiff in person, by his attorney of record,* or by *his agent duly authorized, in writing, under the hand of the plaintiff.* (Emphasis supplied. Section 511.-580 RSMo 1969, V.A.M.S.).

Rule 74.53 provides, in pertinent part:

"Satisfaction, Where Entered. * * * but if made on the margin of the record of such judgment or decree, it shall be signed by the party making it *and attested by the clerk.*" (Emphasis supplied. Compare Section 511.590 RSMo 1969, V.A.M.S.).

Rule 74.54 provides:

"Satisfaction by Agent—How Made. When made by an agent, *his authority shall be filed in the office of the clerk of the court* where the acknowledgment is made." (Emphasis supplied. Section 511.600 RSMo 1969, V.A.M.S.).

The alleged marginal satisfaction in the matter before us fails to comply in any particular with the mandatory rules and statutes. The marginal satisfaction was not made by the plaintiff personally nor by her attorney of record. Robert Beaird was not shown to be plaintiff's agent authorized in writing to enter such satisfaction, nor was his marginal satisfaction attested by the clerk, nor was any authority to

Beaird filed in the office of the clerk. In addition, the plaintiff specifically denied giving any authority to anyone to satisfy any part of such judgment. We therefore hold that such alleged satisfaction, which formed the basis of the judgment below, was a nullity and ineffective to satisfy any portion of such judgment.

■ We do not thereby hold that the defendant is not entitled to credit on said judgment for any amounts shown to have been paid by him over the years. Admittedly, the record is inconclusive as to the exact amount of such payments and some conflict exists as between the testimony of the defendant from his memory (except for the records introduced from the prosecutor's office) and the testimony of the plaintiff purportedly based upon records kept by her of all such payments. But the fact that an exact balance from cancelled checks, documents, papers or other records cannot be struck, does not relieve the court below from its obligation to arrive at a computation from the evidence available and to make appropriate orders not only for the payment of current child support but also for liquidation of the amounts found to be in arrears. This matter primarily affects the rights of minor children and those rights should not be left in limbo because their parents either cannot or will not produce the necessary evidence to exactly determine such rights and obligations. "Since the evidence is not clear as to the amount due on the judgment at the time of the issuance of the execution, we are not in a position to direct the trial court with respect to that amount." Hedgecorth v. Hedgecorth, supra. The case must, therefore, be remanded for a new hearing on the motion to quash or other appropriate motion.

Upon one element of this case specific directions can be given. As has been noted, the motion to quash execution and garnishment was sustained on February 26, 1973. On February 27, 1973, the plaintiff filed her Notice of Appeal to this court, which notice was timely filed and in proper form. This notice of appeal was lodged in this court on March 1, 1973. The record further shows that on March 2, 1973, the court below made an order directing the Circuit Clerk to pay over the sum of $423.32 to the defendant, which sum had theretofore been deposited in the registry of that court by the garnishee.

■ Such order of March 2, 1973 was without jurisdiction since the filing of the Notice of Appeal divested the court below of any jurisdiction to perform any judicial functions with reference to the execution or garnishment or the impounded funds— the very subject matter of the appeal now before us. Gieselmann v. Stegeman, 470 S.W.2d 522, 524 (Mo.1971); State ex rel. Williams v. Daues, 344 Mo. 91, 66 S.W.2d 137 (banc 1933); Herrick Motor Co. v. Fischer Oldsmobile Co., 421 S.W.2d 58 (Mo.App.1967); Levings v. Danforth et al., 512 S.W.2d 207 (Mo.App.1974).

If in fact such funds have been turned over to the defendant, the court below is directed to forthwith order the defendant to redeposit such sum with the Circuit Clerk of Jackson County, Missouri pending the final determination of this matter.

For the reasons herein stated, the judgment below is reversed and the cause remanded for further proceedings in accordance with this opinion.

All concur.