**Camille Ann CAIN, Appellant,**

v.

**John William CAIN, Respondent.**

**No. 10040.**

Missouri Court of Appeals, Springfield District.

Jan. 12, 1977.

Julian J. Ossman, Myers, Webster & Perry, Webb City, for appellant.

Niewald, Risjord & Waldeck, Jon Dermott, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for respondent.

Before BILLINGS, C. J. and HOGAN and FLANIGAN, JJ.

PER CURIAM.

■ In the trial court, Camille Ann Cain, appellant here, sought to collect, by execution and garnishment in aid thereof, delinquent amounts of child support and maintenance owed by her former husband John William Cain, respondent here. John filed a motion to quash the execution and the trial court sustained the motion and entered its order quashing the execution and the garnishment issued in aid thereof. Camille appeals from that order. The appeal lies. *Hardin v. Hardin*, 512 S.W.2d 851, 852[1] (Mo.App.1974).

The judgment must be reversed on the basis of principles enunciated in *Bonadonna v. Bonadonna*, 322 S.W.2d 925, 926[1–2] (Mo.1959), a case which is factually similar.

■ The sole ground of John's motion to quash was that the judgment had been paid. At the hearing on the motion no evidence was presented. The same situation prevailed in *Bonadonna* where the supreme court agreed with the ex-wife's contention that "the trial court had no authority to quash the execution based upon the fact that the judgment had been paid without hearing evidence to substantiate said allegation."

In *Bonadonna* at p. 926 the court said (authorities omitted): "The allegation in the motion did not prove itself. The burden of sustaining the motion to quash rested

204

upon respondent, and since he pleaded payment, an affirmative defense, it was incumbent upon him to produce substantial evidence showing payment of the judgment. . . . There was no proof whatever of the ground set forth in respondent's motion to quash the execution, and the motion was, therefore, improperly sustained."

See also *Hedgecorth v. Hedgecorth*, 463 S.W.2d 596, 598[6–10] (Mo.App.1971).

The order quashing the writ of execution (and setting aside the garnishment in aid thereof) is reversed and the cause is remanded for further proceedings.

All concur.