

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| L.F.A., | ) | No. ED111406 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 21SL-CC05221 |
| | ) | |
| MISSOURI STATE HIGHWAY PATROL, | ) | Honorable Mondonna L. Ghasedi |
| CRIMINAL RECORDS REPOSITORY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LT. COL. GREGORY, ACTING CHIEF | ) | |
| OF POLICE, ST. LOUIS COUNTY | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Respondent. | ) | Filed: June 11, 2024 |

Before Lisa P. Page, P.J., Gary M. Gaertner, Jr., J., and Angela T. Quigless, J.

## OPINION

The Missouri State Highway Patrol (MSHP) appeals from the St. Louis County Circuit Court judgment (2022 Judgment) removing L.F.A. from the Missouri sex offender registry pursuant to the Missouri Sex Offender Registration Act, Section 589.400 *et seq*. RSMo (Cum. Supp. 2018),[1] (MO-SORA). However, we decline to reach the merits of this appeal because a second St. Louis County Circuit Court subsequently ruled L.F.A. "is barred from removal from

---

[1] All statutory references are to RSMo (Cum. Supp. 2018), unless otherwise indicated.

Missouri's registration requirement" (2023 Judgment). The 2023 Judgment is not on appeal – thus we express no opinion regarding its merits – but because this finding does preclude L.F.A.'s removal from the registry, we reverse and remand this matter to the trial court with instructions to deny L.F.A.'s petition.

## BACKGROUND

L.F.A. pled guilty to two counts of possession of child pornography, a class D felony, pursuant to Section 573.037, RSMo (Cum. Supp. 2004), on December 17, 2010. He received a suspended imposition of sentence (SIS) and was placed on probation for five years with special conditions. L.F.A. properly registered as a sex offender as required by MO-SORA, Sections 589.401.11(1)-(5).

*L.F.A.'s Removal Judgment*

On November 2, 2021, L.F.A. filed a petition in Case No. 21SL-CC05221 stating he met all the requirements necessary for removal from the Missouri Sex Offender Registry. Counsel for MSHP did not file a responsive pleading. Instead, two different attorneys sent a letter to the trial court on behalf of MSHP declining to participate in the case. The second letter generally informed the court about a possible MO-SORA lifelong registration requirement but did not specify how this might apply to L.F.A.[2] On September 27, 2022, the trial court held a hearing during which L.F.A. presented evidence in support of his petition for removal. Only the County Counselor appeared on behalf of St. Louis County Police Department and did not object to L.F.A.'s evidence or otherwise contest his removal from the registry. The next day, the trial court issued its final judgment and order granting L.F.A.'s petition pursuant to Section 589.400

---

[2] Even though we do not reach the merits of this appeal, we would be remiss if we failed to strongly admonish counsel for MSHP for practicing law by ex parte letters, rather than upon properly filed pleadings. It is unacceptable in the professional practice of law.

and ordered the MSHP to remove L.F.A. from the sex offender registry. On October 25, 2022, in spite of the intentional failure by counsel for MSHP to participate in this proceeding, the Missouri Attorney General entered for MSHP in this matter and timely filed a post-trial motion (Motion) to vacate the order pursuant to Rule 75.01.[3] The Motion was deemed denied by operation of law. This appeal follows.

*L.F.A.'s Declaratory Judgment*

In the course of our review, this court discovered L.F.A. filed a separate petition in the St. Louis County Circuit Court on August 4, 2021, almost two months prior to filing the removal case on appeal.[4] See Case No. 21SL-CC03559. In that matter, L.F.A. sought a declaratory judgment (Declaratory Judgment Action) that the registration requirement of the Missouri Sexual Offender Registration Act, Sections 589.400 *et seq.*, violates the due process guarantees of the state and federal constitutions; that L.F.A. be awarded his costs of representation and other expenses incurred in pursuit of this relief; and for "such other relief as may seem proper to the Court."

More than a year after the 2022 Judgment which granted L.F.A.'s petition for removal the trial court issued the 2023 Judgment which specifically held:

> Missouri law regarding sex offender registry does not unduly infringe upon any of L.F.A.'s fundamental rights, and to the extent that there is an infringement, this Court finds a valid state interest in the requirements of MO-SORA. Additionally, [L.F.A.'s] conviction categorizes him as a Tier I offender under MO-SORA and a Tier I offender under Federal SORNA, and therefore his requirement to register is a lifelong requirement.[5]

---

[3] All rule references are to the Missouri Supreme Court Rules (2022).

[4] "It has long been the law that courts may (and should) take judicial notice of their own records in prior proceedings which are (as here) between the same parties on the same basic facts involving the same general claims for relief." *Hardin v. Hardin*, 512 S.W.2d 851, 854 (Mo. App. 1974) (internal citations omitted). However, out of an abundance of caution, this court sought supplemental memos regarding the effect of the 2023 Judgment on this appeal.

[5] The federal Sex Offender Registration and Notification Act, 34 U.S.C. §20901 *et seq.* (SORNA).

L.F.A.'s memo in response to this court's order asserts any finding regarding removal in the 2023 Judgment is "gratuitous surplusage" because the petition did not request any such relief. However, we cannot reach the merits of this argument because to date no appeal has been taken of the 2023 Judgment. As a result, we must address competing judgments: the 2022 Judgment which permits removal and the 2023 Judgment which precludes it.

To resolve this conflict, we look to the Missouri Supreme Court decision in *Smith v. St. Louis County Police*, 659 S.W.3d 895 (Mo. banc 2023), which was decided shortly after the 2022 Judgment on January 31, 2023. In that case, the Court held the registration requirement pursuant to Section 589.400.1(7) continues even after the individual's federal registration obligation pursuant to SORNA has expired because "the state registration requirement is based on the person's present status as a sex offender who 'has been' required to register pursuant to SORNA." *Id.* at 901 (internal quotation omitted). Thus, the federal requirement to register under SORNA results in a lifetime registration under MO-SORA. *Id.* at 904. Based upon this holding, and even though we do not reach the merits and find error, the 2022 Judgment must be reversed and remanded to the trial court with instructions to deny L.F.A.'s petition for removal from the sex offender registry.

## CONCLUSION

The 2022 Judgment is reversed and remanded with instructions that the trial court deny L.F.A.'s petition for removal from Missouri's sex offender registry because the 2023 Judgment bars granting his removal pursuant to MO-SORA.

_____
Lisa P. Page, Presiding Judge

Gary M. Gaertner, Jr., Judge and
Angela T. Quigless, Judge concur.

4