DIVISION OF EMPLOYMENT SECURI-TY State of Missouri, Respondent,

v.

Glendine SMITH, Appellant.

DIVISION OF EMPLOYMENT SECURI-TY State of Missouri, Respondent,

v.

Gregory BROWN, Appellant.

Nos. WD 31759, WD 31550.

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

Michael Hufft, Dana K. Kaiser and Edward Ford, III, Kansas City, for appellants.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for respondent.

---

ORDER OF TRANSFER TO THE
SUPREME COURT OF MISSOURI
FOR LACK OF JURISDICTION

PRITCHARD, Presiding Judge.

These consolidated cases come to this court in the following postures:

Appellants Brown and Smith were charged by the Division of Employment Security with having received unemployment compensation benefits for which they were disqualified from receiving under § 288.-380(11) RSMo 1978. Notices of the claim were mailed to appellants by *certified mail* ostensibly under the provisions of § 288.-160(2), which provides for written notice served personally or by registered mail.

Payment not being forthcoming, respondent filed its certificates of amounts due in the circuit court but the same were assigned to different divisions, Judges Bondurant and Mauer, under the provisions of § 288.170(1), under which the certificates of amounts due "shall have the force and ef-

fect of a judgment of the circuit court until the same is satisfied by the division through its authorized agents." Executions thereunder are authorized, which were issued, and both appellants filed motions to quash the executions which were overruled.

Brown's motion to quash had four grounds: (1) The trial court lacked jurisdiction because he was not personally served; (2) and (3) §§ 288.380(11) and 288.170(1) violate due process under the state and federal constitutions because his property was taken and a personal judgment was entered against him without notice or opportunity to be heard; and (4) the foregoing statutes violate Const.Mo. Art. II, § 1 (Separation of Powers), in that an executive agency was allowed to enter a judgment in the trial court by merely filing a certificate with the court. It is not clear in the motion that something was amiss in the assessment procedure.

Points V and VI of Brown's brief attack the notice provision of § 288.160(2) for the first time in that there was noncompliance with the statute and that noncompliance caused execution in violation of due process. Other points reiterate grounds stated in his motion to quash.

Smith's motion to quash went further than Brown's. Her motion included allegations of improper notice in the assessment procedure in that she was served by certified mail rather than by registered mail, and she was not personally served. Respondent, in trial court suggestions in opposition to Smith's motion, sought to justify the service by certified mail under § 1.025, RSMo 1978, "that 'registered mail' shall include 'certified mail as defined and certified under Regulations of the United Post Office Department.' "

Neither Brown nor Smith presented any point as to the validity of § 1.025 in their appellants' briefs. Respondent, however, in its briefs, raised the issue of the validity of its service by certified mail relying on § 1.025. Then, for the first time in their reply briefs, appellants attack the constitutional validity of that section under Const.Mo. Art. III, § 28, "* * * No act

shall be amended by providing that words be stricken out or inserted, but the words to be stricken out and those inserted in lieu thereof, together with the act or section amended, shall be set forth in full as amended." The case of *State ex rel. McNary v. Stussie*, 518 S.W.2d 630 (Mo.banc 1974), ruled that § 1.022, RSMo 1969, was unconstitutional being in violation of the article because the legislature, under the guise of definition, could not amend the phrase "twenty–one years of age" to mean "eighteen years of age". § 1.025 has not been so declared to be invalid, although the principle in *Stussie*, supra, is analogous.

There are two cases upholding the validity of the procedures in § 288.170 as respects the validity of summary procedures against *employers* for amounts of taxes due for unemployment benefits against *employers*. See *State ex rel. Keitel v. Harris*, 186 S.W.2d 31 (Mo.banc 1945); and *Henry v. Manzella*, 201 S.W.2d 457 (Mo.banc 1947). No case has been decided, however, with respect to the validity of § 288.380, as it applies to *employees* who have allegedly received benefits to which they are not entitled, and for which summary execution is requested for overpayments.

Likewise, although the *Stussie* case, supra, is analogous, no case has been decided declaring § 1.025 invalid as being amendatory, as it applies to adding the definition that certified mail means registered mail, as the latter term is set forth in various statutes authorizing service by that method. Although appellants have not presented the matter for review in their briefs (in the consolidated cases), it is believed that the issue is viable by reason of respondent, in both cases, having injected the issue in its briefs, which are met then in the reply briefs.

By reason of the foregoing, this court believes that it is without jurisdiction to decide the validity of statutes in question, Const.Mo. Art. V, § 3 (1976). The cases are therefore transferred to the Supreme Court of Missouri.

SWOFFORD, J., and FLANIGAN, Special Judge, concur.