**Donald A. PATTERSON,
Plaintiff-Appellant,**

v.

**STATE BOARD OF OPTOMETRY,
Defendant-Respondent.**

**No. 47682.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 20, 1984.

Mark Antonacci, St. Louis, for plaintiff-appellant.

Sara Rittman, Jefferson City, for defendant-respondent.

PUDLOWSKI, Judge.

This is an appeal of the decision by the Circuit Court of St. Louis County, Division 6, affirming the order of the State Board of Optometry to suspend appellant's license to

practice optometry for one year and place appellant's license on probation for an additional five years. The question in this case is whether it is appropriate or fair for the State Board of Optometry to administratively suspend appellant's license for one year and place his license on probation for five years when a similar suspension was ordered approximately four and one-half years previously, when a trial court took similar action for appellant's criminal misconduct. We find that the board's action is appropriate and that no doctrine of estoppel or principle of unreasonableness bars the suspension and probation of appellant's license. We affirm.

Appellant, Donald A. Patterson, O.D., is and has been a licensed optometrist in the State of Missouri since 1970 except for a one-year judicially imposed suspension for the misconduct in issue. Respondent, State Board of Optometry, is an agency of the State of Missouri, created and established pursuant to Chapter 336, RSMo. The board enforces and administers the chapter regulating and governing the licensure and practice of optometry.

On June 14, 1978, appellant pleaded guilty before the Circuit Court of St. Louis County, Division 5, to the offense of permitting another individual to practice optometry without a certificate of registration. This conduct violated RSMo § 336.020 (1978). Appellant admitted to furnishing pre-signed blank prescriptions which he knew were completed by Robert H. Theen or Lenora Lawrence. The court accepted appellant's plea of guilty and ordered and adjudged that the appellant be placed on probation for one year. Also, the court ordered restitution of $300 by August 1, 1978, and that appellant surrender his license for the period of probation, beginning August 1, 1978.

Appellant complied with the court's order. He surrendered his license to the State Board of Optometry. He did not practice optometry for one year beginning August 1, 1978. The board accepted his license and thereafter reissued a license to him at the end of his suspension period.

On January 17, 1980, respondent, State Board of Optometry, initiated proceedings before the Administrative Hearing Commission for the suspension or revocation of appellant's license. On October 9, 1981 a hearing was held and the commission considered the fact that in the prior criminal proceeding appellant pleaded guilty to the offense of permitting another to practice optometry without a license. In December 1982, the commission ordered that the State Board of Optometry may suspend appellant's license.

On February 25, 1983, the board suspended appellant's license for a year and placed him on probation for five years. Appellant appealed the order to the Circuit Court of St. Louis County, Division 6. On August 6, 1983, the court affirmed the order by the State Board of Optometry. From this decision, appellant appeals.

He alleges the trial court erred in (1) failing to equitably estop the State Board of Optometry from taking disciplinary action against appellant's license, (2) permitting the State to discipline the appellant twice in the same manner for the same misconduct, (3) finding the board's suspension and probation not to be arbitrary or capricious, (4) finding the board's suspension and probation not to be an abuse of discretion, and (5) finding that no statute of limitations or passage of a reasonable period of time bars respondent from taking action against appellant's license.

He initially claims that the doctrine of equitable estoppel bars the respondent from bringing this action. This claim must fail for three reasons. First, the three essential elements of the doctrine are missing in this situation. Second, the estoppel doctrine does not apply where the parties taking action against the claimant are not the same. And, third, if the elements of the doctrine were present and the parties were the same, appellant has failed to show any exceptional circumstances to apply the doctrine to the government under these facts.

■ Appellant's claim fails because the three elements of the doctrine of equitable estoppel are not present. The three elements are (1) an admission, statement, or act inconsistent with a claim afterward asserted and sued upon, (2) action by the reliant party on faith of such admission, statement or act, and (3) injury to the reliant party resulting from allowing the first party to contradict or repudiate such admission, statement or act. *State ex Inf. Voigts ex rel. Mayor, Council and Citizens of Liberty v. City of Pleasant Valley*, 453 S.W.2d 700, 705–6 (Mo.App.1970).

■ In the present case the first element of the doctrine is absent. There is no admission, statement, or act inconsistent with a claim afterward asserted and sued upon. The suspension of appellant's license by the Circuit Court of St. Louis County, Division 5, is not inconsistent with the board's suspension for the identical misconduct. The court and board operate as two separate and independent branches of Missouri state government. The court operates in the judicial branch. The board is an agency of the executive branch. The legislature by statute authorizes both branches to take action for the same misconduct. The court is authorized to penalize his conduct which is in violation of RSMo § 336.020 (1978). The board is authorized by RSMo § 336.110 (1978) to suspend or revoke an optometrist license for certain misconduct.

Not only do we find the first element of the doctrine of equitable estoppel missing, but the second and third elements are also absent. The second element, the reliance by the claimant party on the first act of the party sought to be estopped, is not present in this case. He did not rely on the court's first action in any way other than compliance with the court's order. The third element, injury arising from permitting the first party to take contradictory action, is not present. In this case, appellant was not injured from any misleading action. Rather, he received the discipline adjudged to be warranted by his misconduct. The fact that not one of the elements of the doctrine of equitable estoppel is present

leads us to find that the doctrine does not bar respondent, State Board of Optometry, from taking action against appellant's license.

■ Appellant contends that equitable estoppel does apply because the board and the Circuit Court are the same party for estoppel purposes. The estoppel doctrine requires that the party sought to be estopped be the same party who first misled the claimant. *Peerless Supply Company v. Industrial Plumbing & Heating Company*, 460 S.W.2d 651, 666 (Mo.1970). He attempts to meet this "same party" requirement by arguing that both the court and the board are agencies of the state and that two agencies of the state are to be treated as the same party for estoppel purposes.

■ Appellant's argument fails because as previously stated the circuit court is not an agency of the state. Nor can the two entities be treated as the same party for purposes of the estoppel doctrine. "[U]nder the constitution a purely administrative body, or even a quasi judicial body, cannot be a court." *State ex rel. Keitel v. Harris*, 353 Mo. 1043, 186 S.W.2d 31, 33 (1945). For purposes of application of the estoppel doctrine, we conclude that the circuit court is not the same party as an administrative agency.

■ Assuming that we found the requisite elements of the doctrine of equitable estoppel to exist, the doctrine is not generally applicable against a governmental body unless it is done so only in exceptional circumstances and with great caution. *State ex rel. Green's Bottom Sportsmen, Inc. v. St. Charles County Board of Adjustment*, 553 S.W.2d 721 (Mo.App.1977). No exceptional circumstance exists in this case. Two branches of government, judicial and executive, operating properly and independently of each other in the suspension of appellant's license does not place appellant's claim in the exceptional circumstance. Therefore, we conclude that the State Board of Optometry is not estopped

from taking disciplinary action as authorized by RSMo § 336.110.

 Appellant's second contention is that the State Board of Optometry may not enter a jurisdictional domain once entered by the circuit court by its accepting the surrender of appellant's license. Appellant cites no authority for his proposition. This contention is without merit. By acquiring appellant's license as a condition of his probation, the circuit court was within its proper legal jurisdictional domain and as previously stated, the board had administrative jurisdictional dominion.

Appellant's third and fourth claims are that the board's decision was arbitrary, capricious and an abuse of discretion. For these assertions, appellant points to the severity of two one-year suspensions in relation to appellant's commission of a single misdemeanor. Appellant also contends that the board's postponement of action until after the expiration of the first year suspension was an abuse of discretion.

We do not agree with appellant that the board's action was arbitrary, capricious or an abuse of discretion. The board acted well within its scope of power to suspend appellant's license. The board's delay in instituting action was reasonable. The time frame of the board's action began one and one-half years after appellant pleaded guilty and less than six months after the expiration of appellant's first suspension.

Appellant's last contention is that the board's action was taken beyond a reasonable time period from the date the incident occurred. Appellant claims that absent a statute of limitations, the board's action must be barred if brought beyond a reasonable time period from the time the misconduct occurred.

Appellant is correct in that no statute of limitations applies to the board's cause of action at bar. Since there is no applicable statute, we look to the board's action to determine if it was an unreasonable length of time and we find the board took appropriate action within a reasonable period of time and should not be barred.

For the foregoing reasons, we affirm the judgment.

CRIST, P.J., and SIMON, J., concur.