STATE of Missouri, ex rel. Janette M. LOHMAN, Respondent,

v.

F. Warren BLACK and Shirley Black, Appellants.

No. WD 55167.

Missouri Court of Appeals, Western District.

Sept. 8, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 27, 1998.

Application for Transfer Denied Dec. 22, 1998.

**42**

F. Warren Black, Shirley Black, Kansas City, appellants pro se.

Jacqueline Sommer, Independence, for respondent.

SPINDEN, Presiding Judge.

F. Warren and Shirley Black appeal the circuit court's judgment against them for $43,326.08 in unpaid state income taxes. They contend that the circuit court erred in concluding that § 143.951,[1] a statute of limitations, did not block the state's lawsuit to collect the taxes. We disagree and affirm the circuit court's judgment.

After the Internal Revenue Service audited the Blacks' federal income tax returns and notified Missouri's department of revenue on April 20, 1992, that the Blacks had more income than they reported on their tax returns, the Department of Revenue notified the Blacks that they owed additional state taxes, interest, and penalties for 1979, 1982, 1983, 1984, and 1985. The Blacks did not respond to the notices, and the Honorable Janette M. Lohman, director of the Department of Revenue, referred the case to the Attorney General who referred it to Jackson County's prosecuting attorney for collection pursuant to § 143.861.3. The state filed its petition to collect the taxes on February 25, 1997. The state amended its petition on September 23, 1997, to collect unpaid taxes only for 1984 and 1985.[2]

When the circuit court convened a hearing to consider the state's petition on November 18, 1997, the state produced documents establishing delinquencies in the Blacks' state income tax payments for 1984 and 1985. The state established that the Department of Revenue notified the Blacks of their tax deficiencies for 1984 and 1985 on September 25, 1992, but the Blacks had not paid.

The Blacks contended that § 143.951 blocked the state's authority to collect any taxes from them. Section 143.951 says:

Any prosecution under sections 143.011 to 143.996 shall be instituted within three years after the commission of the offense, provided that if such offense is the failure to do an act required by or under the provisions of sections 143.011 to 143.996 to be done by a certain date, a prosecution for such offense may be commenced not later than four years after such date.

The circuit court rejected the Blacks' contention that § 143.951 applied to their case. The circuit court concluded that the statute covered only criminal offenses because "[i]t speaks only of prosecutions under the general tax sections."

■ While we tend to disagree that "prosecution" necessarily restricts the scope of § 143.951 to criminal cases,[3] we need not decide that issue. This is because § 143.861.3 recognizes that collection actions are to be prosecuted "in the same manner as

---

1. All citations to statutes refer to the 1994 Revised Statutes unless otherwise noted.

2. The circuit court allowed the director to file a second amended petition on the day before trial. The second amended petition supplied a page which was omitted from the first amended peti-

tion and corrected figures for Missouri taxable income and interest for both 1984 and 1985.

3. See § 3.150, RSMo Supp.1997, for an example of the General Assembly's use of "prosecution" to refer to civil and criminal cases.

provided by law in civil actions."[4] This means that the general statute of limitations governing civil actions govern this tax collection lawsuit and that § 516.120(2) governing "[a]n action upon a liability created by a statute other than a penalty or a forfeiture" places a deadline of five years on the state's filing its lawsuit.

■ To determine when the five years began to run, we must turn to § 143.711. Under § 143.711.1, the director has three years from the day on which a taxpayer files his return to assess and to collect an alleged income tax deficiency. Section 143.711.4, however, makes an exception for cases in which a taxpayer does not report to the director "a change or correction increasing his federal taxable income[.]" In those cases, § 143.711.4 authorizes the director to mail her notice to the taxpayer within one year after she becomes aware of the IRS' change or correction to a federal return to increase the taxpayer's federal taxable income.

The exception in § 143.711.4 applied to the Blacks' case. They did not report to the director the IRS' changes or corrections of their federal return which increased their federal taxable income. The director became aware of the IRS' changes or corrections on April 20, 1992. This meant that the director had until April 19, 1993, to mail her notices to the Blacks that their state income tax payments for 1984 and 1985 were deficient. The director mailed her notice to the Blacks on September 25, 1992. We need not decide whether the five year period for the state's filing its lawsuit to collect the deficient income taxes began to run from when the director became aware of the IRS' changes or corrections or from when the director mailed her notices of deficiency because the state filed its lawsuit on February 25, 1997,

within the five year limitations regardless of which date was operative.

The Blacks' point is without merit. We affirm the circuit court's judgment.

ROBERT G. ULRICH and EDWIN H. SMITH, JJ., concur.

---

4. Section 143.861.3 says, "Suit shall be instituted in any court of competent jurisdiction by the attorney general, or by the prosecuting attorney of the county at the direction of the attorney general, in the name of the state, to recover such tax and enforce the lien therefor in the same manner as provided by law in civil actions." Whether "in the same manner as provided by law in civil actions" modifies "recover such tax"

or "enforce the lien therefor"—or both—is not clear; this is a classic ambiguity. Because § 143.902 sets out the steps the director is to take in enforcing a lien, we conclude that the General Assembly did not intend for "in the same manner as provided by law in civil actions" to modify only "enforce the lien therefor" but intended for it to refer to the total collection process.