Gary D. Witt, Judge
Lavender Farms, LLC and Paul Benton Weeks III (collectively "Lavender Farms") appeal the judgment of the Circuit Court *90 of Cole County, Missouri quashing the court's preliminary writ which stayed an administrative action by the Missouri Secretary of State, securities division ("Securities Division"). Lavender Farms alleges that the circuit court erred in interpreting the statute of repose within the Missouri Securities Act of 2003 ("Securities Act") to allow the administrative action brought by the Securities Division. We affirm.
Procedural and Factual Background
In January 2015, the Securities Division brought an administrative enforcement action against Lavender Farms pursuant to section 409.6-604.[1] The Securities Division alleged that beginning in 2009, Lavender Farms violated the Securities Act by selling securities not registered with the Missouri Commissioner of Securities ("Commissioner"), transacting business as unregistered agents, and making misleading and untrue statements to investors ("Administrative Action"). The Division alleged that beginning in 2009 and until 2012, Lavender Farms induced investors to invest significant sums of money with Lavender Farms, "risk-free," with a guaranteed annual return of 50% to 100% on the investment. It is further alleged that the investors' money was commingled with personal and business funds of Lavender Farms and its members and some of it was subsequently used for personal purposes of Lavender Farms' members. After the Securities Division filed its civil enforcement action, Lavender Farms filed its answer asserting, as an affirmative defense, that section 409.5-509(j)(1) and (2) serves as a statute of repose and barred the Administrative Action. Within the Administrative Action, Lavender Farms also filed a Motion to Dismiss and a Motion for Judgment on the Pleadings based on the allegation that the proceeding was time barred by either a one year or a five year statute of repose set out in the statute, as their alleged actions were taken in 2009 and the Administrative Action was not filed until 2015. The Commissioner denied both motions.
On October 23, 2016, Lavender Farms filed an original proceeding in the Circuit Court of Cole County seeking a Writ of Prohibition. Lavender Farms again argued that the Administrative Action was barred by the statute of repose set forth in section 409.5-509(j). The circuit court issued a Preliminary Order of Prohibition on October 27, 2016, staying the Administrative Action. The Securities Division filed a Motion to Dismiss Lavender Farm's Petition and quash the preliminary writ. The circuit court held a hearing on March 8, 2017. Following the hearing, the circuit court granted the Securities Division's Motion to quash the preliminary writ and denied Lavender Farm's Petition for a Writ of Prohibition. This appeal followed.
Standard of Review
"Although denials of writ applications are generally not appealable, when a preliminary writ has been issued by the circuit court, and the preliminary writ is then quashed by the court, the order quashing the writ is generally an appealable final judgment." State ex rel. Rosenberg v. Jarrett , 233 S.W.3d 757, 761 (Mo. App. W.D. 2007). "Because the disposition of the underlying writ request is discretionary, the matter is reviewed on appeal only to determine whether the circuit court abused its discretion in quashing the writ." Id. Where, however, the writ is dependent upon the interpretation of a statute, this Court reviews the statute's meaning de novo.
*91 State ex rel. St. Joseph Sch. Dist. v. Mo. Dept. of Elementary and Secondary Educ. , 307 S.W.3d 209, 212 (Mo. App. W.D. 2010).
Analysis
Lavender Farm's sole point on appeal alleges that the circuit court erred in quashing the preliminary writ and dismissing the Petition because the court erroneously interpreted section 409.5-509(j)(1) and (2). Lavender Farm contends that section 409.5-509(j) imposes a statute of repose[2] that extinguished the claims filed by the Securities Division prior to their filing.
The Administrative Action asserts claims based on violations of section 409.301, non-registration of securities, section 409.4-402, non-registration of agent and employing a non-registered agent, and section 409.5-501, fraud in connection with an offer or sale of securities.
Section 409.5-509 governs civil liability for a violation of the Securities Act. Subsection (j) states:
A person may not obtain relief:
(1) Under subsection (b) for violation of section 409.3-301, or under subsection (d) or (e), unless the action is instituted within one year after the violation occurred; or
(2) Under subsection (b), other than for violation of section 409.3-301, or under subsection (c) or (f), unless the action is instituted within the earlier of two years after discovery of the facts constituting the violation or five years after the violation.
The referenced subsection (b) of 409.5-509 states, in relevant part:
A person is liable to the purchaser if the person sells a security in violation of section 409.3-301 or, by means of an untrue statement of a material fact or an omission to state a material fact necessary in order to make the statement made, in light of the circumstances under which it is made, not misleading, the purchaser not knowing the untruth or omission and the seller not sustaining the burden of proof that the seller did not know and, in the exercise of reasonable care, could not have known the untruth or omission. An action under this subsection is governed by the following:
(1) The purchaser may maintain any action to recover the consideration paid for the security....
(emphases added). The Securities Division brought the Administrative Action under section 409.6-604. Section 409.6-604 applies only to administrative actions and includes no statute of limitations or repose that applies to this case, a point conceded by Lavender Farms. Subsection (b) of 409.5-509, by its terms, limits its application to actions brought by a "purchaser" of a security. There is no allegation anywhere in this matter that the Securities Division "purchased" any securities from Lavender Farms or that the Securities Division brought the Administrative Action on behalf of or as an agent of a purchaser of the securities at issue.
When the words of a statute are unambiguous, there is nothing to construe and the court merely applies the plain meaning of the statute. Bateman v. Rinehart , 391 S.W.3d 441, 446 (Mo. banc 2013). "A court *92 will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result." State ex rel. Valentine v. Orr , 366 S.W.3d 534, 540 (Mo. banc 2012) (internal citation and quotation marks omitted). "A statute is ambiguous when its plain language does not answer the current dispute as to its meaning." BASF Corp. v. Dir. of Revenue , 392 S.W.3d 438, 444 (Mo. banc 2012).
We find that the terms of section 409.5-509(j) are clear and unambiguous as applied to these facts. The Securities Division brought the Administrative Action pursuant to section 409.6-604, a section not limited by the terms of section 409.5-509(j). To the extent that some of the claims brought by the Securities Division are based on violations of subsections mentioned in section 409.5-509(j) the limitation period set forth is still inapplicable by its express terms. The claims brought pursuant to 409.4-402 and 409.3-301 are mentioned in section 409.5-509(j)-by reference to claims brought under subsections 409.5-509(b) and (d). Subsection (b), however, states that a person is "liable to the purchaser if the person sells a security in violation of section 409.3-301...." It is clear that the Securities Division does not fall under this section because it is not a "purchaser" of the security. Similarly, subsection (d) does not apply to all claims brought by any person or entity that falls within the statutory definition of "persons" but specifically notes that "[t]he customer, if a purchaser , may maintain an action." Section 409-5.509(d) (emphasis added). Thus, the claims brought by the Securities Division pursuant to sections 409.3-301 and 409.4-402 are only limited by section 409.5-509(j) if they are brought by a "purchaser." There is no argument that Securities Division constitutes a purchaser in this case.
Lavender Farms responds that this interpretation places an "undue reliance" on the words "purchaser" and "seller." Lavender Farms takes the view that, despite the inclusion of the limiting term "purchaser," section 409.5-509(j) cannot be found to only apply to actions brought by private parties because the section applies to "claims for relief" asserted by a "person" and the term "person" is statutorily defined to include a "government" or government "agency." Section 409.1-102(20). First, we see no reasons why the legislature could not have stated a general and broad application in the opening clause of section 409.5-509(j)-"A person [which could include a governmental agency] may not obtain relief"-but then narrow and target its application within the body of the statutory subsection to those persons who qualify as "purchasers."[3] "Courts never presume that our legislature acted uselessly and should not construe a statute to render any provision meaningless." Caplinger v. Rahman , 529 S.W.3d 326, 332 (Mo. App. S.D. 2017) (en banc). "The provisions of a legislative act must be construed and considered together and, if possible, all provisions must be harmonized and every clause given some meaning." Wollard v. City of Kansas City , 831 S.W.2d 200, 203 (Mo. banc 1992).
In addition, by their express terms section 409.5-509(j)(1) and (2) only specify limitation periods where persons are seeking to "obtain relief ... under" specified subsections of section 409.5-509. Lavender Farms' counsel acknowledged at oral argument, *93 however, that the Administrative Action does not seek relief under section 409.5-509, but instead under section 409.6-604. The fact that the Securities Division does not seek relief under section 409.5-509 confirms that the statutes of repose cited by Lavender Farms are inapplicable here.
Second, Lavender Farms' suggested interpretation would render the clear limiting terms of 409.5-509(j)(1) and (2), as well as the limiting terms of subsections 409.5-509(b) and (d), meaningless. This Court would be forced to ignore clear and unambiguous statements about actions being brought by a "purchaser." If, however, this Court interprets the opening clause of section 409.5-509(j) to state a broad application which is then limited by the terms of the subsections that follow, the entirety of the statute is given effect and nothing is rendered meaningless.
As noted by the trial court, courts from other jurisdictions have made similar findings regarding section 409.5-509(j) found in their particular states' codes. See State of Idaho, Dep't of Fin., Sec. Bureau v. Elliott, et al. , CV-OC-2009-3323, 2009 WL 8387568, at *2 (Idaho Dist. Ct. Dec. 21, 2009) (agreeing with the security agency's position that section 409.5-509(j)'s analog- Idaho Code § 30-14-509(j) -"does not apply to enforcement actions, but only to private civil actions"); Manns v. Skolnik , 666 N.E.2d 1236, 1251 (Ind. Ct. App. 1996) (holding that prior versions of Indiana's section 409.5-509(j) analog did not "extend ... to those suits brought by the [securities] division" but only to certain civil suits). Lavender Farms argues that these cases were wrongly decided and instead contends that we should follow the holdings of earlier federal cases which have applied statutory time limits to administrative actions. Specifically, Lavender Farms cites to a case by the United States Court of Appeals for the District of Columbia that applied a five-year statute of limitations to the SEC's civil enforcement actions. Johnson v. S.E.C. , 87 F.3d 484 (D.C. Cir. 1996). It is important to note, however, that in Johnson , the court applied a general statute of limitations found in 28 U.S.C. § 2462, not a corollary statute of limitations to section 409.5-509(j). Id. at 492.
Section 28 U.S.C. § 2462 is a general statute of limitations for administrative actions that provides "[e]xcept as otherwise provided by Act of Congress" a five-year limit shall be placed on any proceeding for "the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise...." Lavender Farms ignores that this statute is found outside of the primary federal securities laws-the Securities Act of 1933 and the Securities Exchange Act of 1934-and simply contends that Missouri must too have some limitation for administrative actions so we should apply the limitations of section 409.5-509(j). We disagree. These cases support the proposition that a limitation on administrative enforcement actions is not found in the Missouri Securities Act of 2003 and, to the extent there is a limitation, it may come from a more generalized statute. See, e.g., State ex rel. Lohman v. Black , 980 S.W.2d 41, 42-43 (Mo. App. W.D. 1998) (holding general statute of limitations for civil actions applied to action to collect state income taxes, and suit was filed within time limit).
Lavender Farms argues that we should look beyond the plain language of the statute because, if we accept the Securities Division's interpretation, a plain reading of the statute produces an absurd or illogical result. First, Lavender Farms contends that allowing an administrative action to take place after the injured individual purchasers are time barred creates an absurd result. Yet, Lavender Farms *94 presents little to no argument supporting such a statement. Section 409.6-604 provides the Commissioner distinct remedies not available to a purchaser in a civil action under section 409.5-509. Under section 409.6-604, the Commissioner can order a party to cease and desist engaging in prohibited conduct, impose monetary penalties, order restitution and disgorge profits, deny exemptions, and charge the cost of the underlying securities investigation. Section 409.6-604(a)-(e). It is within the purview of the legislature to provide the Securities Division enforcement powers which extend beyond the statute of repose which may limit an individual purchaser's ability to receive a monetary recovery in a civil action under section 409.5-509.
Second, Lavender Farms notes that this interpretation risks creating a situation in which the Securities Division can recover restitution on behalf of private parties after the rights of those parties to maintain their own separate suits have been extinguished. We, again, do not agree that such a result rises to the level of "absurdity." The Securities Division is charged with enforcement duties that may reasonably extend beyond a limitation on a private party's civil suit. Simply allowing the Securities Division to also recover restitution on behalf of private parties while engaging in these duties is not "absurd."
Finally, Lavender Farms argues that the question before this Court is one of "forever liability." It argues that if this Court finds that the limitations of section 409.5-509(j) do not apply to actions brought by the Securities Division under section 409.6-604, then persons dealing in securities will forever be liable to the Securities Division for past wrongs. The question before this Court is not nearly so broad. Lavender Farms only argues that the statute of repose set forth in section 409.5-509(j) applies to claims brought under section 409.6-604.[4] By its clear and express terms, section 409.5-509(j) states that it only applies to claims for relief under subsections 409.5-509(b), (d), or (e) or subsections 409.5-509(b), (c), or (f), respectively. Simply because the statute of repose found in section 409.5-509(j) does not apply, it does not mean that there are not other limitations on the time in which the Securities Division may bring an action. See, e.g., Patterson v. State Bd. of Optometry, 668 S.W.2d 240, 244 (Mo. App. E.D. 1984) (holding there was no applicable statute of limitations to bar administrative action by Board of Optometry and finding that the action was brought within a reasonable time but noting that the action could be barred if it was brought "beyond a reasonable time period from the time the misconduct occurred"). No such arguments, however, were presented to the trial court or this Court and thus we need make no such findings.
In its reply brief, Lavender Farms argues that failure to have any time limitation on enforcement actions by the Securities Division would run afoul of due process rights granted under the Missouri and United States Constitutions. As noted by the Securities Division, this issue was not raised below nor properly raised to this Court. Issues not raised by appellants in their opening brief cannot be raised for the first time in the reply brief, and are *95 not properly preserved. Smith v. Brown & Williamson Tobacco Corp., 275 S.W.3d 748, 784 (Mo. App. W.D. 2008). There may well be time limitations on the Securities Division's actions. The question of what those limitations may be, however, is not before this Court and we make no findings regarding what limitations, if any, may exist. We answer the very narrow question before this Court and find: administrative enforcement actions brought by the Securities Division pursuant to section 409.6-604 are not bound by the time limitations stated in section 409.5-509(j).
Conclusion
The circuit court did not err in its interpretation of section 409.5-509(j) nor in quashing the preliminary writ and dismissing Lavender Farms' Petition for Writ of Prohibition. We affirm.
All concur

All statutory citations are to RSMo 2016 as currently updated, unless otherwise noted.

The parties below appeared to agree that section 409.5-509(j) is a statute of repose. There was some discussion, however, in the briefing as to whether section 409.5-509(j) actually imposes a statute of repose or a statute of limitations. Deciding whether the statute is actually a statute of repose or statute of limitations is not necessary for the disposition of this case. We decline to make any holdings as to the true nature of section 409.5-509(j) and refer to the limitation found within the statute as one of repose because that is how the parties have characterized it and for clarity of discussion.

Certainly governmental agencies could constitute "purchasers" of securities, i.e. a pension plan as but one example. In addition, a governmental agency may, with statutory authority, bring an action on behalf of a purchaser of a security. Such actions would appear to be limited by the period of repose set out in 409.5-509(j).

It is for this reason that we do not discuss many of the cases cited by Lavender Farms. Many of the cases highlighted by Lavender farms deal with statutes of limitations or repose found outside of section 409.5-509(j) or its corollaries. See, e.g., Cyktor v. Aspen Manor Condo. Ass'n , 359 N.J.Super. 459, 820 A.2d 129 (2003) (administrative action applying a specific New Jersey ten year statute of repose in real estate development and not a corollary of section 409.5-509(j) ).