

# In the
# Missouri Court of Appeals
# Western District

KAREN PEOPLES,

                    **Respondent,**

v.

THE MEDICAL PROTECTIVE
COMPANY,

                    **Appellant.**

**WD81715**

**OPINION FILED:**

**March 12, 2019**

---

**Appeal from the Circuit Court of Clay County, Missouri**
**The Honorable Janet L. Sutton, Judge**

**Before Division Four:**
**Karen King Mitchell, Chief Judge Presiding,**
**Thomas N. Chapman, Judge, and Cory L. Atkins, Visiting Judge**

The Medical Protective Company (MedPro) appeals from the judgment of the Circuit

Court of Clay County in favor of Karen Peoples (Peoples) in the sum of $79,922.50, enforcing a

child support lien on the personal injury proceeds previously paid by MedPro to her ex-husband,

Reynold Peoples (Ex-husband).  In its sole point on appeal, MedPro asserts that the trial court

erred because Peoples failed to meet the requirements under § 454.518 RSMo[1] necessary to

attach a child support lien to the proceeds of the lawsuit that had been filed by Ex-husband and

---

[1] Statutory references are to the Missouri Revised Statutes as supplemented through 2013.

because her compliance with the requirements of § 454.519 (respecting liens on negligence or personal injury demands or rights of action) was not sufficient.  Finding no error, we affirm.

### *Facts and Procedure*

Upon dissolution of their marriage in 1998, Ex-husband was ordered to pay Peoples $350 per month for child support, beginning on August 1, 1998.  Ex-husband has never made a child support payment.  In 2010, while an inmate in the Jefferson City Correctional Facility, Ex-husband suffered an arterial embolism, which ultimately resulted in the amputation of his left leg.  On February 22, 2013, Ex-husband filed a medical malpractice lawsuit against Dr. Miguel Paniagua, alleging negligence in the treatment of the arterial embolism.

Thereafter, Peoples's attorney, Michael Shipley, mailed a letter to Dr. Paniagua's attorney, John Roark, notifying him that Peoples held a child support lien (then in the amount of $54,967.50) upon any claim for negligence or personal injury that Ex-husband might have asserted against Dr. Paniagua (the Lien Letter).  Shipley attached a copy of Peoples's "Judgment Order of Dissolution of Marriage" as well as an affidavit attesting to the amount of Ex-husband's child support arrearage.  The Lien Letter directed Roark to forward the correspondence to Dr. Paniagua's professional liability insurer, MedPro.  Shipley sent the Lien Letter pursuant to § 454.519, which provides a means to assert a child support lien on negligence or personal injury "demands or rights of action" by certified letter sent to the tortfeasor or his attorney.

In September of 2015, Ex-husband's medical malpractice lawsuit was settled for $100,000.  As part of the release agreement, Ex-husband "covenant[ed] to pay and satisfy any valid lien or right of reimbursement in full...".  MedPro paid the entirety of the settlement proceeds to Ex-husband and his attorney.  MedPro was aware of the Lien Letter, but paid no portion of the settlement proceeds to Peoples.

Peoples petitioned the circuit court to order MedPro to reimburse her for the full amount of her child support lien against Ex-husband. In its Answer, MedPro argued (as it does on appeal) that Peoples's lien notice was ineffective because she had not filed the notice of lien in the court where Ex-husband had filed his personal injury claim, and had thus failed to comply with the requirements set forth under § 454.518 (which allows a child support obligee to attach a lien to the proceeds of a lawsuit by filing notice of the lien in the court where the suit is pending).

The case was submitted on a joint stipulation of facts, depositions of the parties' counsel, and trial briefs. The circuit court entered judgment in favor of Peoples, finding that she was permitted to provide notice of her lien to MedPro under either § 454.518 or § 454.519. The Court determined that Peoples's lien was valid and enforceable because she had complied with the requirements of § 454.519; and entered judgment in her favor and against MedPro in the sum of $72,922.50, together with statutory interest at 9% per annum. MedPro timely appeals.

### *Standard of Review*

In its sole point on appeal, MedPro argues that the circuit court erred in entering judgment in favor of Peoples because it misapplied the law in finding that she could assert her child support lien, after suit had been filed, by complying with the requirements of § 454.519 (by certified letter to the tortfeasor or counsel) instead of the requirements of § 454.518 (by filing notice of her lien in the court where the suit had been filed).[2]

---

[2] In its point relied on, MedPro argues only that the circuit court erred in entering judgment in favor of Peoples because Peoples was required to comply with the provisions of § 454.518. MedPro does not contest the amount of child support arrearage. And while MedPro notes a number of typographical errors contained within the Lien Letter, it does not dispute the letter's compliance with § 454.519. We confine our analysis to the issue raised in MedPro's point relied on, which is whether Peoples was required to comply with § 454.518 in order to attach her lien to the settlement proceeds paid to Ex-husband. *McClain v. Dep't of Corr.*, 8 S.W.3d 210, 211 (Mo. App. W.D. 1999) ("Arguments not raised in a point relied on are not presented for review.").

3

"In an appeal from a court-tried civil case, 'the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.'" *Hill v. Missouri Dep't of Conservation*, 550 S.W.3d 463, 466–67 (Mo. banc 2018) (quoting *White v. Dir. of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010)). "When a case is tried on stipulation of facts, the only issue on appeal is whether the trial court drew the proper legal conclusions from the stipulated facts." *Hess v. Proffer*, 87 S.W.3d 432, 433 (Mo. App. E.D. 2002).

"The circuit court's determinations of questions of law are subject to *de novo* review." *Hill*, 550 S.W.3d at 467. Statutory interpretation is a question of law that a reviewing Court therefore reviews *de novo*. *Spradling v. SSM Health Care St. Louis*, 313 S.W.3d 683, 686 (Mo. banc 2010). "The statutory provisions for enforcement of child support orders must be liberally construed to comply with the spirit or reason behind them, resolving all reasonable doubts in favor of the applicability of the law to a particular case." *Spangler v. Spangler*, 831 S.W.2d 256, 260 (Mo. App. W.D. 1992)

*Analysis*

In support of its point on appeal MedPro makes two arguments: 1) that §§ 454.518 and 454.519 are ambiguous because the two statutes conflict, and 2) that because the statutes are ambiguous we must apply the rules of statutory construction, which favor reading § 454.518 as the exclusive method for attaching a child support lien to the proceeds of a negligence or personal injury lawsuit.

Our "primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *State v. Johnson*, 524 S.W.3d 505, 510 (Mo. banc 2017) (quoting *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo.

4

banc 2009)). "In order to discern the intent of the General Assembly, the Court looks to statutory definitions or, if none are provided, the text's 'plain and ordinary meaning,' which may be derived from a dictionary." *Gash v. Lafayette Cty.*, 245 S.W.3d 229, 232 (Mo. banc 2008*); see also* § 1.090 ("Words and phrases shall be taken in their plain or ordinary and usual sense, but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import.").

"When the words [of a statute] are clear, there is nothing to construe beyond applying the plain meaning of the law." *Johnson*, 524 S.W.3d at 511 (quoting *Bateman v. Rinehart*, 391 S.W.3d 441, 446 (Mo. banc 2013)). "We construe statutes only where they are ambiguous." *State ex rel. Missouri Highway & Transp. Comm'n v. Alexian Bros. of St. Louis*, 848 S.W.2d 472, 474 (Mo. banc 1993); *see also State ex rel. Lavender Farms, LLC v. Ashcroft*, 558 S.W.3d 88, 91 (Mo. App. W.D. 2018). We will engage in statutory construction if two provisions are in irreconcilable conflict. *State ex rel City of Jennings v. Riley*, 236 S.W.3d 630, 631 (Mo. banc 2007) (identifying conflict between two statutes as a "precondition to the application of the principles of statutory construction.").

Section 454.518, which allows a child support obligee to attach a lien to the proceeds of a lawsuit by filing notice of the lien in the court where the suit is pending, provides, in pertinent part, as follows:

> 454.518. 1. The director, IV-D agency or the obligee may cause a lien for unpaid and delinquent child or spousal support to be placed upon any and all claims, counterclaims, or suits at law of any obligor delinquent in child or spousal support payments.
>
> 2. No such lien shall be effective unless and until a written notice is filed with the clerk of the court in which the claim, counterclaim or suit at law is pending, and the clerk of the court mails the notices required by subsection 5 of this section. The notice shall contain the name and address of the delinquent obligor, the

Social Security number of the obligor, if known, the name of the obligee, and the amount of delinquent child or spousal support.

\*\*\*

4. Any person or persons, firm or firms, corporation or corporations, including an insurance carrier, making any payment or settlement in full or partial satisfaction of the claim, counterclaim or suit at law, after receipt of such notice, as defined in subsection 5 of this section, shall be liable to the obligee or, if support has been assigned pursuant to subsection 2 of section 208.040, to the state or IV-D agency in an amount equal to the lesser of the payment or settlement, or the delinquent child or spousal support. In such event, the lien may be enforced by a suit at law against any person or persons, firm or firms, corporation or corporations making the payment or settlement.

5. Upon the filing of a notice pursuant to this section, the clerk of the court shall mail to the obligor and to all attorneys of record a copy of the notice. The obligor and attorneys of record shall be deemed to have received the notice within five days of the mailing by the clerk. The lien described in this section shall attach to any payment or settlement made more than five days after the clerk mailed the notice.

Section 454.519, which provides a means to place a child support lien upon

negligence or personal injury "demands or rights of action" by certified letter sent to the

tortfeasor or his attorney, provides in relevant part:

454.519. 1. The director, IV-D agency or the obligee may cause a lien for unpaid and delinquent child or spousal support to be placed upon any and all demands or rights of action for negligence or personal injury which any obligor delinquent in child or spousal support payments may have.

2. No such lien shall be effective unless and until a written notice is mailed by certified mail, return receipt requested, to the alleged tort-feasor or the attorney of record, if any. The notice shall contain the name and address of the delinquent obligor, the Social Security number of the obligor, if known, the name of the obligee, and the amount of delinquent child or spousal support. The notice shall also instruct the tort-feasor to mail a copy of the notice of lien to the tort-feasor's insurance carrier, if any.

\*\*\*

4. Any person or persons, firm or firms, corporation or corporations, including an insurance carrier, making any payment or settlement in full or partial satisfaction of the demand or right of action, after receipt by the tort-feasor of the notice of lien, shall be liable to the obligee or, if support has been assigned pursuant to

6

subsection 2 of section 208.040, to the state or IV-D agency in an amount equal to the lesser of the payment or settlement, or the delinquent child or spousal support. In such event, the lien may be enforced by a suit at law against any person or persons, firm or firms, corporation or corporations making the payment or settlement.

MedPro first argues that because § 454.518 applies to claims, counterclaims, and suits at law, while § 454.519 applies to negligence or personal injury demands and rights of action, the two statutes must apply to different stages of a legal dispute involving negligence or personal injury. Specifically, MedPro argues that § 454.519 applies only when the child support obligor possesses a *potential* personal injury lawsuit (i.e., a right of action), and that, when the potential lawsuit ripens into an *actual* personal injury lawsuit, the obligee can no longer rely upon the mailing provisions of § 454.519 to provide legally effective notice of the child support lien. Instead, MedPro contends, the obligee must then *file* notice of the lien in the circuit court where the negligence or personal injury action is pending, pursuant to § 454.518. Because Ex-husband's medical malpractice lawsuit had already been filed when Peoples's attorney mailed the notice of lien letter, MedPro maintains that she was required to comply with the requirements set forth in § 454.518 (which included filing of the notice in the court where the lawsuit was pending).

MedPro correctly asserts that when the legislature uses different terms in different sections of the same chapter, "appellate courts presume that the legislature intended the terms to have different meaning and effect." *MC Dev. Co., LLC v. Cent. R-3 Sch. Dist. of St. Francois Cty.*, 299 S.W.3d 600, 605 (Mo. banc 2009) (quoting *Nelson v. Crane*, 187 S.W.3d 868, 870 (Mo. banc 2006)). However, we reject MedPro's corollary argument that once a negligence or personal injury claim has been *filed*, the obligee must proceed under § 454.518; and that the

obligee cannot then assert its lien by the means set forth under § 454.519. A plain reading of the section simply does not support this result.

The phrase "right of action" is defined as "[t]he right to bring suit; a legal right to maintain an action, growing out of a given transaction or state of facts and based thereon. Right of action pertains to remedy and relief through judicial procedure. Right of injured one to secure redress for violation of his rights." *Right of Action*, BLACK'S LAW DICTIONARY (5th ed. 1979). The term "demand" is defined as "the assertion of a legal right; a legal obligation asserted in the courts." *Demand*, BLACK'S LAW DICTIONARY (5th ed. 1979). Neither of these definitions supports the interpretation of § 454.519 urged by MedPro. Ex-husband unquestionably continued to have a "right of action" after his medical malpractice lawsuit was filed in court.

The terms "demands or rights of action" are plain and unambiguous.[3] They are not limited in time and can apply both before and after a negligence or personal injury lawsuit is filed. Nothing in § 454.519 suggests otherwise. If the legislature had intended for § 454.519 to apply *only* to liens on rights of action commenced before suit has been filed, it would have included express language to that effect. *See City of Webster Groves v. Smith*, 340 Mo. 798, 801, 102 S.W.2d 618, 620 (Mo. 1937).

---

[3] MedPro argues on appeal that the terms "demand" and "right of action," as used in § 454.519.1, are not defined in Chapter 454 and that their meanings are not plain and unambiguous. Peoples contends that this argument was not raised before the circuit court and we should therefore decline to consider it. *Guengerich v. Barker*, 423 S.W.3d 331, 342 (Mo. App. S.D. 2014) (argument advanced "for the first time on appeal…is not preserved for appellate review."). While MedPro did not use the term "ambiguity" in its trial brief, it did argue that the principles of statutory construction apply (because it asserts that §§ 454.518 and 454.519 conflict regarding the means to assert liens on personal injury claims that have been filed), and that (because they are *in pari materia*) they must be read together and harmonized, if possible, giving effect to each clause and provision. We are satisfied that MedPro's ambiguity argument was preserved for our review. Reviewing the statutes *de novo*, as we must, we find that they are not ambiguous and "[w]hen the words of a statute are unambiguous, there is nothing to construe and the court merely applies the plain meaning of the statute[,]" which is what we have done here. *State ex rel Lavender Farms, LLC v. Ashcroft*, 558 S.W.3d 88, 91 (Mo. App. W.D. 2018).

Our reading of the statutes is not only supported by the plain and ordinary meaning of the words used, but is also logical. The special treatment afforded to personal injury rights of action provided in § 454.519 reflects a practical recognition that many personal injury disputes settle before suit is filed. Without the protections provided by § 454.519, a person in Peoples's position would have no way of enforcing her lien in the event the child support obligor settles his personal injury claim before filing suit. And while the two sections overlap when, as here, the child support obligor possesses a personal injury right of action that has ripened into a lawsuit, this does not necessarily create a conflict between them. *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 115 (2014) (noting that "[w]hen two statutes complement each other, it would show disregard for the congressional design to hold that" the legislature intended one "statute to preclude the operation of the other."). Rather, as the circuit court concluded, the child support obligee then has a choice: he may cause a lien to be placed upon a personal injury lawsuit by following the notice provisions set forth in §§ 454.518, 454.519, or both.

We find that § 454.519 is clear, unambiguous, and does not conflict with § 454.518.[4] Accordingly, we do not resort to the canons of statutory construction to discern their meaning. *Jefferson ex rel. Jefferson v. Missouri Baptist Med. Ctr.*, 447 S.W.3d 701, 707 (Mo. App. E.D. 2014) ("We may look beyond the plain language of [a statute]—and resort to extrinsic aids such

---

[4] MedPro asserts that § 454.518.2 imposes restrictions on the means to attach *any* child support lien after a lawsuit has been filed, and that therefore, if its requirements are not met, the lien would not attach to the proceeds of settlement. MedPro goes on to assert that if § 454.519 were construed to allow a lien to attach (by certified letter to the tortfeasor or attorney) after a lawsuit has been filed, even though the requirements of § 454.518.2 had not been met (by filing the notice in the court whether the lawsuit is pending), it would conflict with the provisions of § 454.518.2. We disagree. We find that § 454.518.2 imposes requirements to assert the type of lien contemplated in § 454.518 (on various lawsuits), and do not apply (and are not required) to attach a lien by the means set forth under § 454.519 (by certified letter to a tortfeasor or his attorney). The sections do not conflict and are two means, with two different sets of requirements, to attach child support liens to negligence or personal injury rights of action: means that overlap, but are not mutually exclusive, after a lawsuit has been filed.

as the principle that statutes should be read in pari materia—only if the statute is ambiguous.").[5]

In finding that Peoples had effectively asserted her child support lien by her compliance with §

454.519 (though not having met the requirements of § 454.518) the circuit court did not

erroneously declare or apply the law.

MedPro's sole point on appeal is denied.

### *Conclusion*

When a child support obligor possesses a negligence or personal injury right of action

that has been asserted in the form of a lawsuit, the child support obligee may attach a child

support lien to the proceeds of any such right of action by complying with the notice provisions

in §§ 454.518, 454.519, or both. The judgment of the circuit court is affirmed.

/s/ *Thomas N. Chapman*
Thomas N. Chapman, Judge

All concur.

---

[5] Even if we were to assume *arguendo* that §§ 454.518 and 454.519 do conflict, the rules of statutory construction nevertheless support the circuit court's application of the law. "When 'two statutory provisions covering the same subject matter are unambiguous standing separately but are in conflict when examined together, a reviewing court must attempt to harmonize them and give them both effect.'" *Earth Island Inst. v. Union Elec. Co*., 456 S.W.3d 27, 33 (Mo. banc 2015) (quoting *South Metro. Fire Prot. Dist. v. City of Lee's Summit*, 278 S.W.3d 659, 666 (Mo. banc 2009)). Sections 454.518 and 454.519 can be harmonized easily in a way that comports with logic and with the overarching purpose of Chapter 454 (facilitating enforcement of child support obligations). When the sections overlap, the child support obligee may attach a lien upon a personal injury lawsuit by complying with the notice provisions of either section or both of them.

"[T]he rules of statutory construction are clear that in situations where the same subject matter is addressed in general terms in one statute and in specific terms in another, and there is a 'necessary repugnancy' between statutes, the more specific statute controls over the more general." *Robinson v. Health Midwest Dev. Grp.,* 58 S.W.3d 519, 522 (Mo. banc 2001). Even were we to conclude that the two sections are so conflicting that we must choose the more specific one, we still find MedPro's argument unavailing. Section 454.518 applies to all claims, counterclaims, and suits at law. Section 454.519 is directed specifically to legal disputes involving negligence or personal injury. Section 454.519 is more specific, as it applies to certain types of claims and rights of action, whereas § 454.518 applies to all filed claims. Since § 454.519 is more specific, its method of asserting liens on negligence or personal injury rights of action would prevail, allowing child support obligees (like Peoples) to attach their liens by certified letter to the tortfeasor or his attorney, before or after a lawsuit has been filed.

Since we do not find §§ 454.518 and 454.519 to be in conflict, child support obligees may attach their liens on negligence or personal injury causes of action, by the means set forth under § 454.518 (by filing notice in the court where the lawsuit is filed), by the means set forth under § 454.519 (by certified letter to the tortfeasor or his attorney), or both.